## John Woodward v. Stephen Clark and others.

*Chancery practice: Party, amendments. Surrender of contract, effect of. Possession, constructive notice.* One Woodward made a contract with Clark, in 1862, for the purchase of four tracts of land, to be paid in instalments. In 1863 he made an agreement with Fisher and Corning by which said premises were to be divided : Woodward taking two lots, and Fisher and Corning each one. To effect this, Woodward assigned his contract to Fisher, with the proviso that he would not assign it without his consent, and Fisher gave him back a contract to deed the two lots on his making the proportionate payment, and also Corning a similiar contract for his. Fisher soon after made an arrangement with Clark by which the original contract was surrendered up and cancelled, and Clark then sold Woodward's two lots to Bradley and Sprague: Woodward being in possession at the time. *Held,*

1. That as Woodward must claim his rights through his contract with Fisher, the latter was a necessary party to the bill, but that the bill should not have been dismissed on that ground, where only a general demurrer was interposed, but that complainant should have had leave to amend.

WOODWARD *v.* CLARK.

2. That when Clark took from Fisher a surrender of his contract, he took it subject to all the obligations which Fisher had assumed, and was consequently bound to perform Fisher's contracts with Woodward and Corning, and Woodward was entitled to a decree declaring his rights under the Fisher contract, unaffected by the surrender, and for an injunction as prayed.

3. That Bradley and Sprague having made their purchases while complainant was in possession, were constructively notified of his rights, and can not stand in any better position than Clark did.

*Heard November 8th. Decided November 10th.*

Appeal from Allegan Circuit in Chancery.

This was a bill for specific performance and injunction. Defendants demurred to the bill for want of equity, and on the hearing it was dismissed. The facts are stated in the opinion.

*Theodore Romeyn,* for appellant.

It appears from the averments of the bill in this case (admitted to be true by the demurrer,) that the complainant and his assigns have complied with the agreement made with Clark, so that, as between them, if he had retained the contract, there would have been no ground for forfeiture, or for refusing relief.

What are the complainant's rights in equity, in view of the present facts?

1. When the contract had been executed, the vendor became in equity a trustee of the lands for the purchaser, and the vendee became a trustee of the purchase money for the vendor.

2. The purchaser might enter into a sub-contract for the disposition of his equitable interest therein; and, upon such an agreement to sell the same, would become a trustee thereof for the person with whom he should so contract, who would thereby acquire a right to the performance thereof, and to call on the original vendor.

Such interest of the purchaser is devisable, and descends to his heirs if he dies intestate. — *Jeremy's Eq.* 446, 447.

3. The assignment of this contract to Fisher, of June

15 Mich. — H.

1st, 1863, and the taking from Fisher of a contract for the sale back to Woodward of $149\frac{66}{100}$ acres, was in fact and in law but the assignment to Fisher of a part interest in the original agreement, with a reservation of the residue to the complainant.

Such was the manifest intention of the parties, and the reason for the form of the securities is disclosed by the bill.

The contract was assigned to Fisher on his request, and for his security and accommodation. And he agreed to let Woodward have the latter's retained share, on exactly the same terms as to price and time of payment as in the original contract.

4. Of this state of things, Clark had legal notice. The assignment of the contract to Fisher provided that it should not be re-assigned without Woodward's written permission; thus declaring on its face that Woodward retained an interest.

Clark, by taking such assignment without such assent, was put on inquiry, and chargeable with notice. Besides, the continued possession of Woodward was notice.

Sprague and Bradley were chargeable with notice in like manner.

5. By the assignment to Clark, Fisher divested himself of all interest in the matter, if the complainant elected not to look to him, and Clark became subrogated to Fisher's rights, and subject to his liabilities.

His original position, as trustee for Woodward, remains to the extent of Woodward's remaining interest. As to that portion of Woodward's interest, assigned to Fisher, it may be considered extinguished. At all events, it is not involved in this suit.

6. Fisher is not necessarily a party to this suit. No decree is sought against him.

It might have been well enough to make him a party;

but he is not a necessary party, and the demurrer was general, and not for want of parties.

Clark has taken his place, and, with full notice, has succeeded to Fisher's rights and liabilities.

We ask no relief against Fisher, but only against Clark, and the subsequent assigns of the latter. — *Story's Eq. Pl.* § 238; 3 *Paige,* 466.

*G. V. N. Lothrop,* for defendant.

1. The bill of complaint is premature. The complainant has not performed, nor offered complete present performance. He avows intention of future performance, and wants a decree that after performance, some years hence, defendants may be decreed to convey.

To claim a specific performance, complainant must show a present right to it. A contingent right, depending on acts future and altogether uncertain, will not do to sustain specific performance.

He does not show a present title. — *Story's Eq. Pl.* § 23; 1 *Daniell Ch. Pr.* 363.

2. But it is quite clear that complainant has no color of right or interest in any of the lands except those for which he holds Fisher's sub-contract. By his assignment he put all the legal right under the original contract into Fisher. Fisher then sold complainant a part of the lands, sold another parcel to Corning, and kept the residue himself.

Now, clearly complainant has no interest in the Corning parcel, nor in that which Fisher kept. If complainant has any equities, they are limited to the lands which are described in his contract from Fisher. Hence he has no right to call for a conveyance of the other parcels.

A specific performance is, of course, impracticable. — 2 *Story Eq. Jur.* §§ 769, 771.

Besides, there is no charge in the bill that Clark, when Fisher surrendered the contract, knew that complainant

claimed any interest.    His possession was no notice, for Clark knew that this possession was under the contract which complainant had sold and assigned. — 8 *Mich.* 403.

3. Without going further, it is clear that Fisher had a right to release to Clark all his interest in that portion of the lands which complainant had turned over to him (Fisher) for his own.

As to this, Clark had put it out of his own power to set up any claim or title to.  After his assignment of the original contract, he had no sort of right or equity to that part of the land.

How now can it be pretended that he can demand a decree which will vest this land in him?  He shows that by his voluntary and deliberate act he had alienated it.

By this act he gave up his right of ownership in the original contract, and all right to enforce it.  He can not enforce it as a whole; and as there is no way of apportioning it without the consent of the other party, he has lost all right to a specific performance.

There is no way by which a substantial performance can be devised.  In one word, by his own acts, complainant has put himself where he cannot claim this peculiar remedy of equity.

4. If the bill were not without equity, yet it would be fatally defective for want of parties.  Corning is interested, and he is not here.  And Fisher, too, by his contract relations, is entitled to be heard.  He, also, is not a party.

COOLEY J.

The facts in this case, as shown by the bill, may be briefly stated as follows:

On or about the first day of July, 1862, the defendant, Clark, entered into a contract with complainant to convey to him four half-quarter sections of land in Allegan and Barry counties, for the price of $2,012.79, to be paid in four annual instalments, the first payable Nov. 1, 1864,

with annual interest; the complainant paying all the taxes after 1861, and breaking up and fencing fifty acres each year. Complainant moved upon one parcel of the land, where he still remains. About the first of June, 1863, complainant assigned this contract to John L. Fisher, but with a provision in the instrument of assignment that Fisher should not sell or dispose of the contract without the consent of complainant, in writing. At the same time, Fisher gave back to complainant a contract of sale of two of the eighty acre lots, and made a similar contract with Milo N. Corning for a sale to him of another of said lots. These two contracts, together with the assignment, were intended as a division of these lands among complainant, Fisher and Corning; the title to be taken accordingly after they jointly performed the original contract by making ratable payments. The breaking up and fencing to be done under the original contract, in the season of 1863, was done on the parcel of land which, by this division, was assigned to Fisher. In the fall of that year Fisher moved off from the land, and. afterwards, by some arrangement with Clark, surrendered up to him the original contract, and Clark deeded to Bradley one of the two lots assigned to complainant in said division, and gave to Sprague a contract of sale for the other.

Complainant then filed his bill, setting forth these facts, and also that he had paid all the taxes for the year 1862 upon the aforesaid lands, and a part of those for 1863, and intends to pay the balance thereof before the month of October, 1864, when the lands would be liable to sale for non-payment: and averring, also, a wish and intention to fulfill the first contract with Clark. He prays that Clark may be decreed to convey to complainant "the aforesaid parcels of land," upon and after the performance by the complainant of all the acts and conditions by him to be done and fulfilled by said first contract; that Bradley and Sprague may be decreed to release to

him, and that all the defendants may be enjoined from entering into the possession of, or in any way occupying or controlling "the aforesaid parcels of land," and from selling, mortgaging, or in any way incumbering or disposing of the same; and for other and further relief.

To this bill there was a general demurrer for want of equity, and the court below dismissed it, on the grounds, *first*, of defect of parties, and *second*, that complainant having assigned the contract to Fisher, had lost all right to enforce it against Clark, and had a remedy against Fisher only.

That Fisher was a necessary party defendant to this bill is quite manifest. The rights of complainant now depend upon his contract from Fisher, and are enforcible against Clark, if at all, on the ground that he has succeeded, by assignment, to the interest possessed by Fisher at the time the contract was given. Fisher occupies the position of assignor of both parties; and the bill being filed to enforce rights under a contract which contains personal covenants on both sides, Fisher is a necessary party, inasmuch as his rights will necessarily be affected by the decree.

But it is not usual, nor do we think it proper, for the Court of Chancery to dismiss a bill for want of parties defendant, without allowing complainant leave to amend when the bill is not demurred to upon that ground, and the defect is only pointed out on the argument. Where amendment is not of right under the rules, the granting of leave to amend is usually a matter of discretion; but it is so much a matter of course in a case of this description, and so manifestly just and proper, that we cannot suppose it would have been denied, and the bill dismissed on this ground alone, had the court been satisfied that an amendment would have been of any avail. And if the bill makes a case warranting relief, we think the decree should be reversed, and the cause remanded, to give opportunity for the amendment.

The Circuit Judge held that complainant was not entitled to relief, because he had assigned the original contract to Fisher. But he seems to have overlooked the fact that Fisher had given back to complainant a contract of sale of two of the lots, and had afterwards transferred his own interest in these lots to Clark, which the latter must have received burdened with Fisher's obligations. — *Converse v. Blumrick*, 14 *Mich.* 109. Under the arrangement made between complainant, Fisher and Corning, each of them retained an interest in the original contract; Fisher being the medium through which the title was to be conveyed from Clark to the other two, when they had made their proportionate payments. Whoever should receive from Fisher a transfer of the contract, would be bound to the others for the performance of his undertakings; and Clark, on obtaining a surrender of the contract from Fisher, stood in no different light from any other assignee, except as he had it in his power to perform Fisher's agreements without first compelling another person to deed to him. When, therefore, Fisher had surrendered the contract to Clark, the position of the several parties was as follows: Clark, as assignee of Fisher's rights in the original contract, was bound specifically to perform Fisher's contract with complainant for the two eighties; or, what would come to the same thing, to specifically perform the original contract so far as those two lots were concerned; and he was under a like obligation to Corning as to the lot assigned to him. As to the fourth lot, the original contract must be considered as cancelled by the surrender.

The bill which has been filed in this case is somewhat ambiguous in its prayer for relief, and it is not quite clear whether the pleader considered himself entitled to relief by a performance of the original contract, or only in respect to the two lots sub-contracted by Fisher. The first he could not claim; but there is no reason

apparent in the bill why he can not have the second. There can not be specific performance at the present time, because the period for performance has not yet arrived; but complainant is entitled to have protection against such acts of the parties as might wrongfully deprive him of all remedy.

There can be no claim that if the allegations of the bill are true, all the defendants in this case are not chargeable with notice of complainant's equities. He was in possession of the land; which, of itself, was notice. The case of *Bloomer v. Henderson*, 8 *Mich.* 403, which holds that possession of lands is not notice of a claim of right in opposition to the party's own deed, has no application to the present case, since the assignment by complainant to Fisher of itself contained a notification to whoever should become assignee of Fisher's rights, that complainant still retained some interest; and no one, under the circumstances, could become a purchaser from Clark without constructive notice of complainant's equities. If the complainant should be able to substantiate at the final hearing the case made by his bill, he will be entitled to a decree that Clark received a surrender of the contract subject to the performance of Fisher's contract with complainant, and for an injunction restraining the defendants from disturbing his possession so long as he is not in default, and from transferring or incumbering the title, except subject to his rights under the contract.

The decree of the court below must be reversed, and the cause remanded with leave to complainant to amend.

Neither party to recover costs against the other.

The other Justices concurred.