## SCHOOL DISTRICT No. 82 v. CHARLES TAYLOR.

1. TITLE; *Adverse Possession; Constructive Notice.* Where the owner of a certain quarter-section of land sells and conveys by deed one acre thereof to a school district, and the school district takes immediate possession thereof, builds a school-house thereon, and occupies such school-house for school purposes, but never has its deed recorded; and while the school district is so occupying said property, said grantor mortgages the whole of said quarter-section of land, including said acre, to secure a negotiable promissory note, and said mortgage is immediately recorded, and T. purchases said note and mortgage before due, but before purchasing the same examines the county records and makes inquiries of the mortgagor concerning adverse claims and incumbrances, but receives no knowledge or notice concerning any adverse claims or incumbrances,

and had no actual notice of said deed at the time he so purchased said note and mortgage, or of any of the rights or claims of the school district, *held*, that as the school district, at the time when said note and mortgage were executed, and at the time when T. purchased the same, was in the actual, open, visible, notorious and exclusive possession of said acre of land, T. was bound to inquire of the school district or its agents concerning its interests in said property, and failing to do so he takes his mortgage interest in the property subject to all the equities of the school district.

2. ———— *Equities, When Superior to Legal Title; Unrecorded Deed.* Upon the facts recited, although said unrecorded deed may, as a conveyance of the legal title, and as against T., be considered as void under section 21 of the "act relating to conveyances of real estate," yet such deed, as evidence of the contract (parol or otherwise) between the parties, together with the possession of the school district, and the making of said lasting and valuable improvements on the land, constitute such a strong and paramount equitable title to the property that no mere legal title can overthrow it.

3. ———— Although the deed to the school district was not recorded, still, under the circumstances of this case, the equitable title of the school district to the property is paramount and prior to the mortgage lien of T. to said acre of land.

### *Error from Montgomery District Court.*

FORECLOSURE of mortgage, brought by *Taylor* against S. F. Griswold and *School District No. 82.* In April 1873, Griswold executed his note, and a mortgage to secure the same, to and in favor of one Lewis Taylor, for $335.50, payable one year after the date thereof. The mortgage covered a full quarter-section of land. In May next following the plaintiff, *Charles Taylor*, became the owner and holder of said note and mortgage. After maturity of the note, this action was commenced. Griswold made default. The *School District* answered, claiming title to a portion of said mortgaged premises, to-wit, a tract about seventeen rods square, lying in the northwest corner of said quarter-section, and containing one acre, more or less—and alleging that it acquired title thereto in fee simple by warranty deed executed by said Griswold to said *School District* on the 16th of October 1872. All other necessary facts are stated in the opinion, *infra*. Trial at December Term 1874 of the district court. Decree

of foreclosure and sale as to the whole of the mortgaged premises, and the *School District* appeals, and brings the case here on error.

*J. D. McCue,* for plaintiff in error.

*York & Humphrey,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is one concerning conflicting interests in a certain piece of land. Both parties claim under the same grantor. The plaintiff claims under a mortgage, and the defendant claims under a deed of conveyance. The deed was executed first in time, but the mortgage was recorded first. In fact the deed has never been recorded. It would seem from the agreed statement of facts, that the common grantor once owned a certain quarter-section of land; that he sold and conveyed one acre thereof to the defendant, School District No. 82 of Montgomery county; that the defendant immediately took possession thereof, built a school-house thereon, and occupied the same for school purposes, and is still so occupying said premises, but that it has never had its said deed of conveyance recorded. After said deed of conveyance was executed, and while the defendant was occupying the premises under it as aforesaid, the common grantor executed said mortgage for the whole of said quarter-section, and the plaintiff Taylor purchased such mortgage without having any actual knowledge concerning said deed, or concerning the rights or claims of the defendant, and we suppose without having any *actual* knowledge of any fact that would put him upon inquiry concerning such rights and claims of the defendant. He purchased said mortgage, and a negotiable promissory note which the mortgage secured, before the same became due. But before he purchased the same he searched the county records and made inquiries of the mortgagor concerning adverse claims and incumbrances upon said land, but received no knowledge or notice of any

Statement of<br>the case.

such claims or incumbrances. The agreed statement of facts concerning the defendant's possession of said land reads as follows:

"Prior to the execution of said mortgage, said defendant had erected on said acre of land a school-house, and had occupied and used said house for school purposes openly and notoriously, and so had possession of said house to present time."

The court below rendered judgment in favor of the plaintiff and decreed that the mortgage was prior in right to the deed; and the defendant now (as plaintiff in error) seeks a reversal of such judgment.

The decision of the court below seems to have been founded upon section 21 of the "act relating to conveyances of real estate." (Gen. Stat. 187.) Said section reads as follows:

"No such instrument in writing, [including deeds of conveyance,] shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record."

The case of *Kirkwood v. Koester*, 11 Kas. 471, is also cited in support of the decision of the court below. Now we do not think that either said section 21 or said case of *Kirkwood v. Koester*, authorizes the decision made in this case. Said section applies only where the party claiming under the unrecorded deed founds his claim solely upon such unrecorded deed as a conveyance, and as creating a *legal* title to the property in contradistinction to an equitable title. And it does not apply where the party claiming under it simply uses it as one of the facts of his case along with other facts to make out a strong and paramount equitable title. Suppose that the defendant's deed in this case is void as a conveyance; suppose that it is no better than a mere parol agreement; suppose indeed that instead of being a conveyance in writing, as it is, the contract of sale was all merely in parol, and still, it, or rather the parol contract of sale when proven by sufficient evidence, together with the possession of said property by the defendant, and the valuable improvements made

*Section 21, of act relating to conveyances, construed.*

*Equities superior to legal title.*

thereon by it, would constitute such a strong and paramount equitable title that no mere legal title could overthrow it. The defendant in this case (considering its deed void as a conveyance of the legal title,) holds the paramount equitable title to said acre of land, and the plaintiff holds nothing but a mere lien upon the bare naked legal title. The defendant's rights are therefore paramount to those of the plaintiff.

But the plaintiff claims that he is an innocent and *bona fide* purchaser of his interest in said land. He claims that he had no notice of the defendant's purchase of the land, or of the deed thereto, or of the defendant's possession or improvements. Now if said section 21 is to govern in this case, and if such section is to be taken literally, then it makes no difference whether the plaintiff had any notice of said purchase, or said possession, or said improvements, or not. He might have been a resident of the school district, and might have sent his children to school in said school-house for years, and might have known all about said purchase, and said possession, and said improvements, and still if he did not "have actual notice" of said *deed,* the deed would be void as to him. Under said section the deed would be void as to all persons "except between the parties thereto, and such as have *actual* notice thereof," without regard to how much such persons might know concerning the defendant's purchase of the property, or its possession thereof, or its improvements made thereon, or concerning any other facts or matters connected therewith which would not amount to "actual notice" of the *deed* itself. Hence it will be seen, that a claim of equities on the part of the plaintiff founded upon ignorance of the defendant's purchase, or possession, or improvements, or of any other fact except that of the existence of the deed itself, is outside of said section, and virtually an abandonment of said section. But when it comes to comparing equities between the parties, those of the defendant are much the stronger. Not only are the equities of the defendant enhanced by its possession of the land in controversy, and by

*Adverse possession, constructive notice.*

its expenditures of money in making lasting and valuable improvements thereon, but its equities are prior in time, and therefore prior in right. The defendant was in the possession of said land when the plaintiff's equities were created. And this possession was actual, open, visible, notorious and exclusive. The plaintiff had to shut his eyes not to see it. If he had looked at the land, he must have known it. If he had inquired of any person in the neighborhood, any man, woman, or even child of school-age, he must have been informed concerning it. But it seems he made no such inquiries. He did not inquire of any person concerning adverse claims or interests except of his own mortgagor. We therefore think he cannot claim to be an innocent and *bona fide* purchaser of his said mortgage interest. The defendant being in the actual, open, visible, notorious and exclusive possession of said property, the plaintiff was bound, before purchasing his said mortgage interest, to inquire of the defendant or its agents concerning its interests in the property, and failing to do so he takes his mortgage-interest in the property subject to all the equities of the defendant. Taking his mortgage-interest under such circumstances, he is bound to know what equities the defendant holds in and to the property. (*Johnson v. Clark*, 18 Kas. 157; *McKinzie v. Perrill*, 15 Ohio St. 162; *Lestrade v. Borth*, 19 Cal. 661, 667; *Talbert v. Singleton*, 42 Cal. 390; *Dickey v. Lyon*, 19 Iowa, 544; *Simmons v. Church*, 31 Iowa, 284; *Wicks v. Lake*, 25 Wis. 71; *Morrison v. Kelly*, 22 Ill. 610; *Helms v. May*, 29 Ga. 121; *Garrett v. Lyle*, 27 Ala. 586; *Woodward v. Clark*, 15 Mich. 104, 112; *Boggs v. Anderson*, 50 Me. 161.)

The case of *Kirkwood v. Koester*, 11 Kas. 471, differs very materially from this case. In that case Koester and Reed

Case distinguished.

held the mortgage; Clutter was their mortgagor; and Kirkwood claimed adversely to them. Clutter the mortgagor in that case (unlike the mortgagor in this case,) held the actual, open, quiet and undisturbed possession of the property in controversy at the time that Koester and Reed purchased their mortgage-interest, and Clutter also at

the same time held the absolute unqualified legal title to the property. While Kirkwood, who claimed adversely, (unlike the defendant in this case,) had no possession, or even claim to a right of possession, but only a secret, hidden, invisible and undiscoverable equity founded upon a judgment against a person who had nothing but a secret and invisible equity in the land.

The judgment of the court below will be reversed as against the defendant School District No. 82, and the cause will be remanded with the order that judgment be rendered in favor of such school district on the agreed statement of facts.

All the Justices concurring.