MARY C. BEAUBIEN, *et al.,* v. CATHERINE HINDMAN.

*Motion for Rehearing.*

THE facts of this case are stated in *Beaubien v. Hindman,* 37 Kas. 227, and in the opinion herein, filed at the session of the court in February, 1888.

*Overmyer & Safford,* for plaintiffs in error.

*Stumbaugh & Gunn,* and *Case & Curtis,* for defendant in error.

*Per Curiam:* Upon the motion for a rehearing in this case, we are called upon again to examine the testimony whether Mrs. Beaubien was a purchaser of the land in controversy,

for value, without actual or constructive notice. It appears that Mrs. Beaubien received her deed on April 2, 1883; John Campbell died September 18, 1882, at his farm in Mission Creek township; the title of the premises in controversy at the time of his death was in Campbell; in November, after his death, Mrs. Hindman moved back to the Mill creek farm; remained there about two weeks, and then went to Topeka and boarded; on the 20th of March, 1883, she moved into the new house on the northwest corner of the south eighty; Mossman, a tenant, lived in the old house on that same quarter; Mrs. Beaubien lived directly opposite to the south eighty, and the north eighty was in the same inclosure with the south eighty; Mossman lived upon the south eighty and cultivated the land in 1882, and had a lease of it for 1883.

It is claimed upon the part of Mrs. Hindman, that before Mrs. Beaubien purchased, "she had been notified that if she bought the land, she would buy a law suit." Several witnesses testified that Mrs. Beaubien said that "she had been told by Mrs. Mossman that Mrs. Hindman said if anybody bought that five-eighths, they would buy a law suit." None of these witnesses, however, fixed the date prior to the purchase by Mrs. Beaubien; and Mrs. Beaubien says that she was not told anything by Mrs. Mossman about having trouble with the land, until she got her deed. Mr. Wade also corroborates her by stating that before the probate court Mrs. Beaubien "testified that after she had bought the land she heard that Mrs. Hindman had said that whoever bought the land would buy a law suit." Therefore, upon the record, there is no evidence that Mrs. Beaubien knew anything about Mrs. Hindman's claim to the land until after her purchase.

But it is said that Mrs. Hindman was in possession of the premises at the time of the purchase by Mrs. Beaubien; and therefore that the latter was bound, before purchasing, to inquire of Mrs. Hindman or her tenant, concerning her interest in the property; and failing to do so, that she purchased subject to all the rights and equities of Mrs. Hindman. In order for mere possession of real estate to put a purchaser upon

inquiry, the party claiming possession must have actual, open, visible, notorious and exclusive possession of the premises. It seems that at one time Mrs. Hindman had executed a deed of the south eighty to Campbell, and of this deed Mrs. Beaubien had actual knowledge. Subsequently, this deed was burned, as alleged by Mrs. Hindman, by the common consent of herself and Campbell. The title of the north eighty was in Campbell; therefore Mrs. Beaubien did not have any notice or knowledge that Mrs. Hindman was in the actual possession, of the premises, by herself or tenant. After Mrs. Beaubien purchased, she took possession, cultivated the plow land and put in crops. All this was done without any objection upon the part of Mrs. Hindman, and no trouble grew out of the possession of Mrs. Beaubien until May, 1883. Mrs. Hindman, on August 14, 1883, posted up a notice that she claimed the north eighty, but this was long after Mrs. Beaubien purchased, and long after she had taken actual possession of the premises.

Again, after the death of Campbell, the administrator of his estate asked Mrs. Hindman to give him the numbers of the land belonging to Campbell; she brought the papers to the administrator containing the numbers of the land in controversy; the administrator, after she had done this, asked her where the deed for the south eighty was, and she said she had burned it up by mutual consent; the administrator, after the death of Campbell, paid taxes on the land.

Mrs. Beaubien paid five hundred dollars in cash for the land, without having actual notice of the rights or equities of Mrs. Hindman therein; and the possession of Mrs. Hindman not being so open, visible, notorious and exclusive as to put Mrs. Beaubien upon inquiry, the latter may be regarded, upon the evidence in the record, as a *bona fide* purchaser, without knowledge or notice, actual or constructive. (*School District v. Taylor*, 19 Kas. 287; *Sanford v. Weeks*, ante, p. 319.)

The motion for a rehearing will be allowed, and the cause remanded for a new trial.