SARTWELL *v.* YOUNG.

1. APPEAL—CONCLUSIVENESS OF RECORD.

Where, in a chancery appeal, the bill as set forth in the record states a cause of action, a contention that it did not do so originally, but has been changed since the hearing, cannot be considered, as the court is governed by the record as returned

2. DEEDS—BILL TO SET ASIDE—LEASE—ESTOPPEL.

Where the owner of premises, after conveying the same, agreed to pay rent, without prejudice to her rights, pending the hearing of a suit to have the conveyance set aside, the continued occupancy and payment of rent will not estop her from asserting title in herself as against the lessor.

3. VENDOR AND PURCHASER—POSSESSION—NOTICE.

Whether the continued possession of a grantor of lands is sufficient to charge a purchaser from her grantee with notice of her rights,—*quære.*

Appeal from Kent; Perkins, J. Submitted April 3, 1901. Decided April 16, 1901.

Bill by Jennie Sartwell against William R. Young, impleaded with Arthur Brace and Charles Stewart, to set aside certain deeds. From a decree for complainant, defendant appeals. Affirmed.

*Nathan P. Allen* and *E. C. Watkins,* for complainant.

*Everett D. Comstock,* for defendant.

MOORE, J. The complainant was the owner of a house and lot in Grand Rapids, which she deeded to Charles Stewart November 7, 1899. Stewart deeded the house and lot to defendant Young November 24, 1899. At the time the last-mentioned deed was made, the complainant was still in possession of the premises, and Young knew she was in possession. This suit was begun to have both deeds set aside. The complainant claimed that she was induced to make the deed to

Stewart for a deed of 40 acres of land in Montmorency county, which was represented to be heavily timbered with beech and maple timber, when in fact it was worthless pine-barren plains.    A decree was made in her favor. Defendants Brace and Stewart do not appeal.

The defendant Young urges several reasons why the decree should not stand.    One of them is, the bill of complaint does not set forth a cause of action.    The brief of counsel states the original bill of complaint has been changed since the hearing of the cause in the court below. No motion has been made for a correction of the record. The bill of complaint accompanying the record signed by the circuit judge states a cause of action, and we must be governed by the record as returned.

It is claimed complainant leased the premises of defendant Young, and thereby assumed the relation of his tenant, and is estopped from questioning his title.    This claim is based upon a lease dated February 5, 1900, signed, "Jennie Sartwell, by N. P. Allen, Her Attorney," which lease is not signed by defendant Young at all.    At the time this paper was given, this litigation was pending. Mr. Watkins testified that Mr. Goodell, acting for defendants, was proposing to eject the complainant from the property and turn her into the street; that she at that time was very poor, and was sick and suffering from a stroke of paralysis, and that common humanity should prevent her being turned into the street, and that he advised that she pay rent from the time of the dissolution of the injunction, pending the hearing of the case, and that it was to be without prejudice to her rights in the case; and that was the arrangement.    The hearing was had in this case in open court, and began April 24, 1900.    It is impossible to believe, from the testimony and the action of the parties, that any of them supposed the relation of landlord and tenant was created by what was done in relation to Mrs. Sartwell remaining in the house pending this litigation.    Mrs. Sartwell did not go into possession by virtue of the lease.    She was already in possession,

asserting title in herself, and it was distinctly agreed she was not to waive her right to do so by what was done. We do not think she is estopped by what was done.

On the part of the complainant it is claimed that, because Mr. Young knew the complainant was in possession of the premises, he cannot be considered a *bona fide* purchaser; that the following excerpt from *Rood* v. *Chapin*, Walk. Ch. 79, disposes of this case in favor of complainant: "Where a person purchases premises in possession of another person, and he is aware of that fact at the time he purchases, that is sufficient notice to him of the right of the person in possession, and he must take the premises subject to all equities existing between his grantor and the person in possession,"—citing, also, *McKee* v. *Wilcox*, 11 Mich. 358 (83 Am. Dec. 743); *Disbrow* v. *Jones*, Har. Ch. 48; *Norris* v. *Showerman*, 2 Doug. 16; *Woodward* v. *Clark*, 15 Mich. 104; *Fisher* v. *Fobes*, 22 Mich. 454; *Russell* v. *Sweezey*, Id. 235; and other cases. It is insisted by defendant the case is not controlled by the cases cited by complainant, but, inasmuch as the complainant is "the immediate grantor of appellant's predecessor in title, when she delivered her deed to her grantee she parted with her right to possession, and, when appellant found that deed of record, he was justified in assuming that such possession was consistent with, and not adverse to, her recorded conveyance,"—citing *Bloomer* v. *Henderson*, 8 Mich. 404 (77 Am. Dec. 453), and other cases. For the purposes of this case, it is not necessary to attempt to pass upon the claims of counsel. When one examines the record carefully, and especially the testimony of Mr. Young, taken in connection with his conduct subsequent to his taking the deed, and the attitude of the three defendants towards each other all through this litigation, it is impossible to escape the conclusion that he was not a *bona fide* purchaser of this property, but that all three defendants were acting together.

The decree is affirmed, with costs.

The other Justices concurred.