# Sadler, *et al. v.* Jefferson, *et al.*

*Bill for Redemption of Mortgage, and Accounting.*

1. *Mortgages; redemption.*—Where, on a bill filed by a mortgagor
   for accounting and redemption, an agreement is shown where-
   under the mortgagor should continue in possession, and pay
   to the mortgagee annually a certain sum, which, after de-
   ducting the interest on the mortgage debt and any taxes paid
   by the mortgagee, should be credited on the principal of the
   debt, the materiality of such agreement, or whether it is of
   any binding force, will not be considered on a bill for an
   accounting, as the agreement provides only what would fol-
   low in the regular course without any agreement.
2. *Same; conveyance by mortgagee.*—A deed to the mortgaged
   premises, in ordinary form, executed by the mortgagee, pass-
   es the legal title to the premises, and it also passes the equi-
   table title to the debt secured by the mortgage, whether the
   mortgagee be then in possession of the premises or not.
3. *Same; foreclosure.*—A mortgagee who has parted with all his
   interest in the mortgage and the debt secured thereby, has no
   power of foreclosure, and a foreclosure sale made by him is a
   nullity, leaving the equity of redemption still in the mort-
   gagor.
4. *Landlord and tenant; estoppel.*—Although it is a general rule
   that the tenant cannot deny or dispute the title of his land-
   lord, it does not apply where the landlord's title has expired,
   or been extinguished, either by operation of law, or by his
   own act, after the creation of the tenancy, or when there is
   a change in the condition of the landlord's title for the worse,
   after the tenant enters into his contract.

[Sadler, *et al.* v. Jefferson, *et al.*]

5. *Same; mortgagor and mortgagee.*—An agreement between the mortgagor and the mortgagee, that the former should continue to occupy and cultivate the mortgaged premises at a stipulated annual "rental," and that such "rents," less interest on the balance, and taxes due and paid by the mortgagee on the premises, should be applied to the payment of said balance due on the mortgage debt, and that, when said debt was thus discharged, the mortgage should be satisfied, does not create the relation of landlord and tenant, but the relation of mortgagor and mortgagee still continues.

6. *Mortgages; equity pleading; parties.*—A mortgagee to whom partial payments have been made on the mortgage debt, who afterwards parts with all his interest in the mortgaged property and the debt, is a proper party defendant to a bill for accounting and redemption, filed by the mortgagor.

APPEAL from the Chancery Court of Marengo.

Heard before Hon. THOMAS H. SMITH.

The bill in this cause, for an accounting and redemption of certain lands from the operation of a mortgage, was filed by the appellees, James Jefferson and John Swaine, against J. M. Sadler, C. B. Bailey, and the British and American Mortgage Company, Limited. The allegations were to the effect that the complainants had executed a mortgage on the lands described in the bill, to the defendant, J. M. Sadler. That, after the law day of the mortgage, said Sadler demanded a settlement, when a balance due was agreed upon, and an agreement made between them that the complainants should have time to pay the balance due, and should continue to occupy and cultivate the lands at the stipulated rental of three hundred dollars per annum; that the said rents, less interest on said balance and taxes due and paid by Sadler on said lands, should be applied to the payment of said balance due on said mortgage debt, and that, when the said debt was thus discharged, the said mortgage should be satisfied, and orators' title to said land clear.

It was further averred that, after several payments of such sum named in the agreement to Sadler, he by warranty deed, in ordinary form, conveyed the premises to the defendant, C. B. Bailey. That after such deed,

[Sadler, et al. v. Jefferson, et al.]

the complainants continued to make such payments to said Bailey, and he also took possession of and cultivated a part of the premises. That said Bailey then borrowed a sum of money from the British and American Mortgage Company, Limited, and to secure the loan executed to it a mortgage upon the premises described in the bill.

It was averred that the payments so made by the complainants, together with a reasonable rental value for the lands occupied by Bailey, were more than sufficient to satisfy and discharge the mortgage debt. It was also averred, that after the conveyance by Sadler to Bailey, there was an attempted foreclosure of the mortgage, wherein Sadler, as mortgagee, made advertisement of sale, and also a sale of the lands, and as mortgagee, conveyed the same to the defendant Bailey, who was the purchaser at such sale.

The defendants separately moved to dismiss the bill for want of equity and demurred thereto. The motions and demurrers were overruled, and therefrom, they take this appeal.

WILLIAM CUNNINGHAM, for appellants.—Complainants, being tenants, are estopped.—*Buchanan v. Lewis,* 116 Ala. 431; *Davis v. Williams,* 130 Ala. 530; *Farriss v. Houston,* 74 Ala. 162; *Davis v. Pou,* 108 Ala. 443; 89 Am. State Rep. 55. By the foreclosure sale made by Sadler, the complainants' equity of redemption was cut off.—3 Brick. Dig. Secs. 332, 336; *Cooper v. Hornsby,* 71 Ala. 62; 1 Jones on Mortgages, Sec. 808. Sadler was neither a necessary or proper party defendant.—3 Brick. Dig. p. 371, Sec. 51; *Raisin v. Bell,* 107 Ala. 261; *Hooper v. Birchfield,* 138 Ala. 423; *Taylor v. A. & M. Ass.,* 68 Ala. 229; *Cook v. Parham,* 63 Ala. 456; *Thomas v. Jones,* 84 Ala. 302.

TAYLOR, WOOLF & HEARIN, *contra.*—The conveyance by Sadler to Bailey operated as a transfer of the legal title to the land, as well as an equitable title to the debt secured by the mortgage.—*Hooper v. Nolan,* 138 Ala. 423; *Bldg. Ass. v. Wyeth,* 105 Ala. 643; 1 Jones on Mort-

gages, Sec. 808. Bailey took the lands subject to all equities and defences against Sadler, his assignor.—*Dulin v. Hunter,* 98 Ala. 539; *Tyson v. Savings Bank,* 67 Ala. 549. The foreclosure sale by Sadler was a nullity.— Code, Sec. 1040; *Ward v. Ward,* 108 Ala. 280; *Hooper v. Birchfield,* 138 Ala. 427.

SIMPSON, J.—The bill shows that the appellees, Jefferson and Swaine, who were complainants below, executed a mortgage to the appellant, Sadler, who was one of the respondents below; that a settlement was had in the fall of 1897, which showed a balance due by said complainants of $1470.00.

Complainants admitted this settlement to be correct, and ratify it in the bill, but they aver that, at the time such settlement was made, it was agreed that if they "Accepted said settlement they should have time to pay said balance. That orators should continue to occupy and cultivate the said lands at the stipulated rental of $300.00 per annum; that the said rents, less interest on said balance and taxes due and paid by Sadler on said lands, should be applied to the payment of said balance due on said mortgage debt, and that when said debt was thus discharged the said mortgages should be satisfied, and orators' title to said land clear."

As the prayer of the bill is for an accounting, and the complainants allege that they are ready and willing to pay any amount which may be found due on said mortgage, it is immaterial whethere there was any consideration for said contract, or whether it amounted to a binding obligation at all or not, for, outside of the indefinite agreement that they should have time, (without specifying how much time), the remainder of the so-called agreement was nothing more than the application of payments, after reducting the interest and taxes, to the payment of the mortgage debt, which would be the regular course without any agreement.

The deed from Sadler to Bailey, of October, 1900, operated not only as a conveyance of the legal title, but as an assignment in equity of the mortgage debt.—*Hooper & Nolen v. Birch,* 138 Ala. 423; *Welsh v. Phillips,* 54

Ala. 309; *Taylor v. A. & M. Association*, 68 Ala. 229; *Cook v. Parham*, 63 Ala. 456.

This question was very thoroughly considered in the *Welsh case, supra*, which has been followed by succeeding cases, and is supported by other authorities.—1 Jones on Mortgages, § 808.

The appellants insist that the foregoing cases do not apply, because in them the mortgagees who conveyed were in possession of the premises. The decisions are not based upon any peculiar efficacy of the possession of the land, in transferring, in equity, the mortgage debt.

In the *Welsh case*, Chief Justice BRICKELL says, "If the mortgagor is permitted to remain in possession, he is the mere tenant at will of the mortgagee."—p. 314. So that his possession would really be the possession of the mortgagee.

In the *Cook case, supra*, the parties who made the conveyance as mortgagees were not in possession, yet Chief Justice BRICKELL says, "The conveyance by the heirs or devisees of Scott * * * * would, in a court of equity, operate an assignment of the debt secured by the mortgage."—p. 461.

It results then that Sadler, having conveyed away all of his interest, the advertisement and sale of the premises under the mortgage should have been by his vendee, Bailey, and not by him; consequently, the advertisement and sale by Sadler were void.

It results then, when Bailey purchased from Sadler with notice, he simply held the land as mortgagee, subject to the equity of redemption in the complainants, and when the British & American Mortgage Company took the mortgage from Bailey, with all the previous mortgages and deeds on record showing just what his title was, they took it with notice of all the equities of complainants.

It is claimed by appellants that the complainants in the bill are estopped from setting up the claim, because they were tenants of the respondent Bailey, and could not deny the title of their landlord. This principle is undoubtedly correct with reference to the title of the landlord at the inception of the tenancy, but it does not

43.

apply where the "Landlord's title has expired or been extinguished, either by operation of law, or his own act, after the creation of the tenancy," or "When there is a change in the condition of the landlord's title for the worse, after the tenant enters into his contract."—*Davis v. Williams,* 130 Ala. 530, 534; *Farris & McCurdy v. Houston,* 74 Ala. 162, 168. So that, even if it were true that the complainants were the tenants of the respondents, yet, under the averments of the bill, all interest of said respondents was to cease upon the payment of the sum of money due on the lands, which (the bill alleges) has been paid.

The above case of *Davis v. Williams* is made the subject of a lengthy and able note in 89 Am. St. Rep., p. 64, in which the above principle is endorsed (p. 76) and it is also further stated, that the tenant, of course, is "Not estopped to show that the relation does not exist."— *People v. Howlett,* 76 N. Y. 574. Also, "Where the relation does not, in fact, exist, the gratuitous payment of rent, will not estop one in possession of real estate from showing the true character in which he holds."—p. 65. Also, "The tenant may show just what his relationship to the landlord originally was," and even where he has made a conveyance of the land "May show it was intended to operate as a mortgage," "And where a grantor of land agrees to pay rent, without prejudice to his rights, pending the hearing of a suit * * * * * the continued occupancy and payment of rent will not estop him from asserting title in himself against the lessor." —pp. 109, 110, citing *Sartwell v. Young,* 126 Mich. 304; 85 N. Y. 729; see also *Shelton v. Carroll,* 16 Ala. 148 and *Randolph v. Carlton,* 8 Ala. 607.

In the present case, whether the so-called agreement, at the time of the settlement, was or was not sufficiently definite and supported by a sufficient consideration to form a binding contract, the allegations of the bill show that the mortgage was never cancelled, and that the agreement, or understanding, between the parties was not a lease at all, but merely a method of adjustment, by which the mortgage debt was to be paid. The mere fact that they called the three hundred dollars, which was to be

[Sadler, *et al.* v. Jefferson, *et al.*]

paid annually, "rent," did not create the relation of land-lord and tenant in the face of the further agreement that this amount was to be credited on the amount due on the mortgage. This is clearly shown by the allegation that, notwithstanding Bailey has occupied and cultivated a part of the land himself, yet the complainants have continued to pay the same amount, annually, and have told him every time to credit it on the mortgage.

Sadler is a proper party defendant as one of the parties who held the property in succession, and from whom an accounting is claimed for the payments which he received, and which it is claimed should be credited on the mortgage.

The bill is single and not multifarious, seeking only the redemption and the proper application of credits on the mortgage.

The decree of the court is affirmed.

McClellan, C. J., Tyson and Anderson, J.J., concurring.