# Wood *v.* Farnell.

*Qui-tam Action against Probate Judge, for Illegal Issuing of Marriage License to Minor.*

1. *Sufficiency of complaint, in negativing consent of parents.* — In a *qui-tam* action against a probate judge, for issuing a marriage license to a minor, " without having the consent of the parents of the said J. A. F." [minor], " either personally or in writing " (Rev. Code, §§ 2339, 2342), the complaint negatives consent with sufficient precision and definiteness to show a substantial cause of action.

2. *Amendable defects in complaint.* — A defect in the complaint, which, if it had

[Wood *v.* Farnell.]

been objected to in the primary court, might have been amended, is not available on error, when the complaint shows a substantial cause of action.

3. *Liability of probate judge for illegal act of deputy.* — A probate judge is responsible for the illegal issue of a marriage license to a minor (Rev. Code, §§ 2339, 2342), although the license was issued without his knowledge, by a clerk in his office, who had never qualified as deputy, but who was authorized by him to issue licenses generally.

4. *Relevancy of evidence showing plaintiff's ability, promise, and failure to prevent marriage.* — In a *qui-tam* action against a probate judge, for illegally issuing a marriage license to a minor without the consent of his parents (Rev. Code, §§ 2339, 2342), the defendant cannot be allowed to prove that, after the issue of the license, but before the celebration of the marriage, and in ample time to prevent it, the plaintiff, who was the father of the minor, was informed of the issue of the license, and promised to prevent the marriage, but made no effort to do so.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. J. McCALEB WILEY.

RICE, JONES & WILEY, for appellant.

JOHN P. HUBBARD, *contra.*

B. F. SAFFOLD, J. — The action is against a probate judge, for illegally issuing a marriage license to a minor. Rev. Code, §§ 2339, 2342. The complaint represents the appellee (plaintiff below) as claiming for himself, and for the use of the State of Alabama, of the appellant (defendant below) five hundred dollars, for issuing, as probate judge of Pike county, a license to solemnize a marriage between J. A. Farnell, the plaintiff's son, who was then under twenty-one years of age, and had not had a former wife, and Martha A. Dukes, "without having the consent of the parents of the said J. A. Farnell, either personally or in writing." The defendant pleaded not guilty, without objecting to the complaint. Upon the issue thus made, judgment was rendered against the defendant for five hundred dollars. It is now objected on appeal, that the complaint does not contain a substantial cause of action, because it negatives the consent of the " parents," whereas the consent of one might be sufficient; and because it fails to deny the consent of the parents, or guardian, to the *marriage.*

The statute uses the word "*parents*," which, whether in the singular or plural, is equally applicable to the father and the mother. As, if in the singular, we could not distinguish which was meant; so, in the plural, proof of the consent of either would be sufficient; unless, perhaps, the known dissent of the father, on account of his greater responsibility for the family, should be held to overrule the consent of the mother. But this, probably, would be determined by circumstances. We cannot suppose separable a consent to the issue of a license, and consent to the marriage. In *Blann* v. *Beal* (5 Ala. 357), the plaintiff was held not bound to prove the negative averment of the

complaint, that no consent to the marriage was given. Affirmative proof is supposed to be of record for the protection of the judge. Rev. Code, § 2343 ; *Blann* v. *Beal, supra.* This rule, while it does not dispense with the averment, lessens the necessity of its precision. Besides, whatever defect in the complaint may be conceded, it was amendable, and ought to have been objected to in the court below.

3. The license was issued without the knowledge of the defendant, and contrary to his general instructions, by one Hartsfield, who was employed by him to write in the probate office, but had never taken the oath of office, nor given bond, though he was permitted and authorized to issue marriage licenses, and to sign the judge's name thereto, and had frequently done so, both before and after this act, in his presence, as well as in his absence. The court charged the jury, that if Hartsfield had authority to issue marriage licenses, and to sign the defendant's name thereto, the defendant was bound by his act in this case. The defendant asked several charges, all of which asserted the proposition that he was not liable for the act in question, unless it was done under his authority, or with his knowledge, or by a clerk who had taken the oath of office prescribed by the constitution ; which charges were refused.

The authority given to the probate judge by the statute (R. C. § 796, cl. 5), to employ a clerk to do all acts not judicial in their character, makes him responsible for such acts. The oath of office, and the bond, are qualifications which the judge should exact. The public, knowing the powers of a clerk in that office, and seeing some one exercising them with the evident knowledge of the judge, may reasonably deal with him as such, and hold the judge responsible for what he does amiss. This would not be the case with a mere copyist, or amanuensis, who was not allowed otherwise to act as clerk, and who by stealth assumed to do so in a particular case. In *Cotton* v. *Rutledge* (33 Ala. 110), the issue of a marriage license was held to be a ministerial, and not a judicial act.

4. The defendant offered to prove, that after the issue of the license, but before the marriage, and in sufficient time to prevent it, he met the plaintiff, and urged him to prevent it ; and that the plaintiff promised to do so, but did not attempt it. This evidence was clearly inadmissible. The liability of the defendant attached on the issue of the license ; and it was no more obligatory on the father to prevent the marriage, than on the judge.                    The judgment is affirmed.