# Crook, Judge &c. v. Webb.

*Action against Probate Judge for Illegally Issuing Marriage License.*

1. *Suit for illegally issuing marriage license; sufficiency of complaint.*—In an action against a probate judge to recover the statutory penalty for issuing a marriage license to a minor without the consent of the parents or guardian of such minor, a complaint which avers that the plaintiff is the father of the minor is sufficient, without averring that he is the legal parent, or parent in contemplation of law of such minor.

2. *Same; not necessary that both parties to the marriage should be under age.*—To fix a liability upon a probate judge for issuing a marriage license to a minor, without the consent of the parents or guardian of such minor (Code, § 2845), it is not necessary that both of the contracting parties to the

[Crook, Judge, &c. v. Webb.]

marriage should be under the ages respectively of 18 and 21 years; since, if either the male was under 21 years of age and had not had a former wife, or if the female was under 18 years of age and had not had a former husband, the probate judge would have been liable for a license issued without the consent of the parents or guardian of such minor.

3. *Same; admisibility of evidence.*—In an action against a probate judge to recover the statutory penalty for issuing a marriage license to a woman under 18 years of age without the consent of her parents or guardian, where it is shown that the original license could not be found after diligent search, it is competent for the minister who performed the ceremony to testify that he solemnized the marriage under the authority of a marriage license which was signed by the defendant; independent proof having been made of the signature of the defendant to the license under which he acted.

4. *Same; same.*—In such an action, where the defendant testified upon his direct examination that he did not issue the license authorizing the marriage of the plaintiff's daughter, it is competent for the plaintiff to ask the defendant on his cross-examination, if it was not his custom "to sign blank licenses and give them to justices of the peace in different parts of the county to be issued? " there being evidence in the case that the license in question signed by the defendant, was issued by a justice of the peace.

5. *Liability of probate judge for issuing marriage license to minor; when liable through license issued by justice of the peace.*—Where a probate judge signs blank marriage licenses and delivers them to justices of the peace throughout the county to be issued on application to them, if one of the justices of the peace to whom such blank licenses are delivered fills out a license and issues it, without the consent of her parent or guardian, to a woman under 18 years of age, and who has not had a former husband, such probate judge is liable for the statutory penalty (Code, § 2848).

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

The appellee, Ira P. Webb, brought this action against the appellant, Emmett F. Crook, judge of probate of Calhoun county, to recover the statutory penalty of two hundred dollars for the defendant's issuing a license for the marriage of his daughter, who was under 18 years of age, without the consent of her parents or guardian.

The complaint was as follows: "The plaintiff claims of the defendant two hundred dollars as a forfeiture or penalty, prescribed and allowed by § 2848 of the Code of Alabama, and recoverable by parents against judges of probate for issuing license for the marriage of any female under the age of 18 years, and not having had a former husband, without the consent of her parents. The plaintiff further avers that he is the father of Daisy May Webb, and that the said Daisy May Webb was on the 26th day of February, 1899, under the age of 18 years; that she is a female and had not had a former husband, and that the defendant is the judge of probate of Calhoun county, Alabama, and on or about said date issued a license for the marriage of one John H. McKay, a male, to the said Daisy May Webb, without the consent of the parents or guardians of said Daisy May Webb, or either of them, either oral or written, and contrary to the provisions of the said statute, and by reason thereof the said John H. McKee, alias Jno. H. McCay, alias Jno. H. McKay, married the said Daisy May Webb." To the complaint the defendant demurred upon the following among other grounds: 1. Said complaint fails to show that the plaintiff is the parent or guardian of said Daisy May Webb and fails to show that he has any right to maintain said action or suit. 2. Said complaint fails to show that John H. McKay was under 21 years old and did not have a former wife when said license was issued, and that the defendant issued it without requiring the personal or written consent of the parents or guardian of said Daisy May Webb. 3. That the complaint fails to show that when said license was issued Daisy May Webb had a parent or guardian, and fails to show that the defendant issued it without requiring the consent of the parents or guardian of said Daisy May Webb to be given to said marriage. 4. The averment in said complaint that defendant issued said license "contrary to the provisions of said statute," is the averment of a conclusion of the pleader, and the complaint fails to show facts sufficient to support such conclusion; and fails to specify or show what provision or provisions of the statute the issuance

of said license was violative of or contrary to, and fails to show how or wherein its issuance was contrary to any statute or any provisions of any statute. 5. For that the statute, towit, § 2848 of the Code of Alabama, upon which this action is based, as shown by said complaint, is void for uncertainty, inasmuch as it provides for a forfeiture by the probate judge of $200 to the parent or guardian of a minor to whom he issues a marriage license contrary to the provisions of chapter 75, Code of Alabama, for which the parent or guardian may sue, without specifying or designating which parent is entitled to said forfeiture, or which one is entitled to sue therefor. 6. For that said complaint fails to show sufficient facts, with the requisite precision, to entitle the plaintiff therein to recover in this action. The demurrer was overruled. The defendant then pleaded the general issue.

On the trial of the cause, W. F. McCain, a witness for the plaintiff, testified that he was a minister of the gospel, and as such married J. H. McKay to Daisy May Webb on the night of February 26, 1899, in Anniston, Alabama. Upon the witness being asked by the plaintiff "What authority had you for solemnizing the marriage?" the defendant objected to this question upon the ground that it called for the conclusion of the witness and that there was better evidence of such authority. The court overruled the objection and the defendant duly excepted. Upon the witness answering that he solemnized the marriage under the authority of a marriage license, the defendant moved to exclude the answer upon the same ground that he offered to the question, and upon the further ground that neither the existence or loss of such license had been shown. The court overruled this motion and the defendant duly excepted. The bill of exceptions recites that "here defendant and defendant's attorney stated to the court in answer to the subpœna *duces tecum* to the defendant that they had not in their possession a license such as was called for in the subpœna."

One Morgan then testified as a witness for the plaintiff that he had made an examination of the record of

marriage licenses which was on file in the defendant's office, but had been unable to find the license issued to John H. McKay and Daisy May Webb.

Ross Blackmon, plaintiff's attorney, also testified that he had searched the marriage license record in the probate office and all the licenses returned to said office since January, 1899, but had been unable to find any license issued to John H. McKay and Daisy May Webb.

The plaintiff then continued the examination of the witness, McCain, and he testified that he was familiar with the handwriting of the defendant and the license under which he had solemnized the marriage between said Daisy May Webb and John H. McKay was signed by the defendant, and that he returned said license to the defendant on February 28, 1899.

The plaintiff, as a witness in his own behalf, testified that he was the father of Daisy May Webb; that his daughter was living with him last February, when she was married; that at the time of the issuance of the license and at the time of her marriage she was under the age of 18 years, and that he had never given his consent to the defendant for his daughter to marry said John H. McKay, either orally or in writing, and that his said daughter had never been married before. Mrs. Webb, the mother of Daisy May Webb, testified that she had never given her consent, either orally or in writing, for her daughter to marry.

The defendant, as a witness in his own behalf, testified that he did not, in February, 1899, issue a marriage license for the marriage of Daisy May Webb to John H. McKay; that he did not know or remember of the witness, McCain, returning any marriage license to him in February, or any other time, and that he had never seen or heard of any license for the marriage of the plaintiff's daughter with said McKay, or any one else. It was shown that the defendant was the probate judge of Calhoun county.

Upon the cross-examination of the defendant, he was asked the following question: "Is it not your custom to sign blank licenses and give them to the justices of the peace in different parts of the county to issue?"

The defendant objected to this question, because it called for illegal, irrelevant and immaterial evidence. The court overruled the objection, and the defendant duly excepted. The witness answered that he sometimes signed blank licenses and gave them to justices of the peace in different parts of the county.

The defendant further testified on cross-examination that he did not recollect giving J. S. Kelly, a justice of the peace in Calhoun county, any blank licenses in February, 1899. In rebuttal J. S. Kelly was introduced as a witness for the plaintiff and he testified that he was a justice of the peace in Calhoun county; that he had issued the license for the marriage of Daisy May Webb, the daughter of the plaintiff, which was signed by Emmet F. Crook, and that said license was among the blank licenses which had been sent to him by the defendant, and that he, the witness, filled out said license when he issued it for the marriage of the plaintiff's daughter. The other facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evidence, judgment was rendered for the plaintiff, fixing his recovery at $200. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MATTHEWS & WHITESIDE, for appellant—The complaint in this case was insufficient in that it did not aver that the plaintiff was either "parent or guardian" of the said Daisy May Webb. The averment that the plaintiff was her "father" might be true, and still he might not be her legal parent, or parent in contemplation of law; and if not, he would not have right to maintain the action.—Code, § 2848. The court did not err in its rulings on the evidence.—*Hubbard v. Baker*, 48 Ala. 393; *Shorter v. Shepperd*, 33 Ala. 653; *Bates v. Terrell*, 7 Ala. 129. From the evidence in this case the plaintiff was not entitled to recover.—*Jeffries v. Malone*, 105 Ala. 439; *Ashley v. The State*, 109 Ala. 48.

Ross Blackmon, *contra.*—The demurrers to the complaint were properly overruled, and the averment that the plaintiff was the "father" of the young lady was. sufficient compliance with the statute.—*Cotton v. Rutledge,* 33 Ala. 110; *Wood v. Farnell,* 50 Ala. 546. The defendant in this case, who was the probate judge is. estopped to deny the validity of the marriage license which was issued. The fact that an official marriage license has been issued carried with it a presumption that all statutory prerequisites thereto had been complied with. This is the general rule in respect to official action, and one who claims that any such prerequisite did not exist must affirmatively show the fact.—*Nofire v. United States,* 164 U. S. 657; *Bank of U. S. v. Dandridge,* 12 Wheat., 64, 70; *Rankin v. Hoyt,* 4 How. 327; *Butler v. Maples,* 9 Wall. 766; *Weyanwega v. Ayling,* 99 U. S. 112; *Gonzales v. Ross,* 120 U. S. 605; *Keyser v. Hitz,* 133 U. S. 138. Under the facts in this case, the probate judge, Crook, was liable for the statutory penalty, the defendant having placed the license with the magistrate for issuance.—*Wood v. Farnell,* 50 Ala. 546; *State v. Leach,* 60 Me. 53; 11 Am. Rep. 172; *Mathis v. Carpenter,* 95 Ala. 456; *Joseph v. Cawhorn,* 74 Ala. 411; *Buck v. Ureka,* 109 Cal. 409; 30 L. R. A. 412; *Bain v. Wells, et als.,* 107 Ala. 563; 30 L. R. A., 562; 77 Me. 105.

TYSON, J.—A number of grounds of demurrer were assigned to the complaint and overruled by the court below. The first ground insisted upon in argument is, that it is not averred that the plaintiff is either the "parent or guardian of the female, whom the complaint shows was under 18 years of age." An examination of the complaint discloses that it contains the averment that the plaintiff is her "father." The argument is made that the statute confers the right of action upon the legal parent, or parent in contemplation of law, and not upon a putative father.—§ 2848. That the use of the word "father" under the rules of construction of

pleading must be construed as having reference to putative rather legal father. To adopt this construction would be to presume, or rather to impute to the parents of the girl a violation by them, not only of the laws of their State, but of decency, gentility and morality. No such presumption can be indulged. On the contrary, we will presume, if need be, that he is her legal father—that she was the offspring of a legitimate wedlock, a marriage solemnized in accordance with the requirements of the law and of Christianity.

The next ground of demurrer insisted upon in argument is the same one considered by this court in *Cotton v. Rutledge*, 33 Ala. 110, and held in that case to be bad. The insistence is made that the opinion in that case was erroneous and that it should be overruled. In short, we are asked to hold that unless both the contracting parties to the marriage are under the ages, respectively, 18 and 21 years, that the parent or guardian of the minor has no right under the statute. This we are unwilling to do for the very cogent reason given in that opinion. The other grounds of demurrer which were overruled, though assigned as error, are not insisted upon in argument, and we must decline to consider them.

The testimony showed that the defendant signed a number of printed licenses with blanks and sent them to one J. S. Kelly, a justice of the peace, giving him full authority to fill out the blanks. That Kelly filled out the blanks of one of these for the marriage of the plaintiff's daughter, which was taken to a minister of the gospel, who under the authority given him under it, performed the marriage ceremony between the plaintiff's daughter and one McKay. It was without dispute that neither of the girl's parents consented to the issuance of this license or to her marriage, and that she was under 18 years of age, and that she had never had a former husband. The marriage license was not produced upon the trial, but the evidence introduced by the plaintiff showed that the minister who performed the marriage, ceremony, after doing so, delivered it to the defendant, and that search had been made in his office for it without

OF ALABAMA. 465

avail. The search made was sufficiently shown by the evidence to authorize the introduction of secondary evidence of the contents of the license. There was no error, therefore, in permitting the witness, McCain, the minister who performed the ceremony, to state that he solemnized the marriage under the authority of a marriage license, taken in connection with the proof of the signature of the defendant to the license under which he acted.

Nor did the court commit an error in permitting the plaintiff's counsel on cross-examination to ask defendant the question: "Is it not your custom to sign blank licenses and give them to justices of the peace in different parts of the county to be issued?" This was clearly within the latitude allowed on cross-examination, and it did not call for irrelevant, immaterial or illegal evidence. It was very material in view of the conflict between the testimony of the defendant and the witnesses, Kelly and McCain.

The evidence, in our opinion, is amply sufficient to support the judgment of the lower court.—*Wood v. Farnell*, 50 Ala. 546.

Affirmed.