[Tillery, et al. v. Tillery.]

# Tillery, *et al. v.* Tillery.

*Bill for Removal of Estate from Probate to Chancery Court, and for Other Purposes.*

(Decided April 23, 1908. 46 South. 582.)

1. *Administration of Estate; Removal from Probate to Chancery Court; Parties.*—The allegation that oratrix was the sole heir of decedent, being his daughter and only child, is a distinct allegation of heirship and carries with it the meaning of legitimate offspring.

2. *Words and Phrases; "Child."*—The word, "child," in the absence of any fact or circumstance indicating a contrary meaning, means legitimate offspring.

3. *Partnership; Dissolution by Death; Right of Surviving Partner.* —The assets of a partnership dissolved by death of one of the partners vest in the surviving partner for the purpose of winding up the business, subject to the rights of the legal representative of the deceased partner to call upon the surviving partner for a settlement.

4. *Administration of Estates; Removal; Parties.*—Since a surviving partner has no interest in the administration of the estate of the deceased partner, nor the admisistrator of such estate any connection with the settlement of the partnership affairs, except the right of the administrator to call upon the surviving partner for a settlement, a surviving partner is not a proper party to a bill to remove the administration of the deceased partner's estate from the probate to the chancery court.

5. *Executors and Administrators; Rights of Administrator.*—As a general rule the personal representative is alone authorized to demand, receive, collect, disburse and distribute the personal assets of the estate.

6. *Descent and Distribution; Right of Heir.*—The heir is without authority to sue to enforce any claim owned by the estate or to bring the debtors of the estate to a settlement without showing either that the administrator refuses to do so, or is in collusion with the debtors, or occupies a position antagonistic to his duties as administrator.

APPEAL from Lee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Action by Effie B. Tillery against Thomas J. Tillery, as administrator of the estate of John C. Tillery, deceased, and another. From a decree overruling a demurrer to the bill, defendants appeal. Affirmed in part, and reversed and rendered in part.

SAMFORD & DUKE, and J. M. CHILTON, for appellant. Pleadings are construed most strongly against the plea-der and the bill failing to aver that complainant is the only legitimate child of decedent, is demurrable.—*Patrick v. DeBardelaben,* 90 Ala. 13;*Lacey v. Holbrook,* 4 Ala. 88; *Ware v. Dudley,* 16 Ala. 742. Ford could not have voluntarily settled with complainant, and therefore, she cannot compel him to do so.—*Vincent v. Martin,* 79 Ala. 540.

R. B. BARNES, for appellee. The averment of filiation carried with it the presumption of legitimacy.— *Wetherford v. Wetherford,* 20 Ala. 548; *Bullock v. Knox,* 96 Ala. 195; 5 Cyc. 626. The right to join the surviving partner as a co-defendant is manifest.—16 Cyc. 244, 251-2, and authorities there cited.

SIMPSON, J.—The bill in this case was filed by the appellee, as the sole heir of John C. Tillery, against the appellants, Thomas J. Tillery, as administrator of said John C. Tillery, and J. F. Ford, who is the surviving partner of a firm composed of said decedent and said Ford. The bill seeks to remove the estate of said John C. Tillery from the probate into the chancery court, and also to require Ford, as surviving partner, to make a complete return and settlement of said partnership affairs. Separate demurrers to the bill were filed by each of said defendants, which were overruled by the chancellor, and separate assignments of error are here made.

The ground of demurrer insisted on by both appellants, that the bill fails to show that complainant is the legitimate child of the decedent, is without merit. The bill alleges that "oratrix is the sole heir of the said John C. Tillery, being the daughter and only child of

[Tillery, et al. v. Tillery.]

said John Tillery, deceased." In addition to the fact that this is a distinct allegation of heirship, the second clause being merely explanatory of the decree of relationship, the word "child," in the absence of any facts or circumstances indicating a different interpretation, carries with it the meaning of legitimate offspring. Black's Law Dict. p. 200; 7 Cys. 124, 125; 2 Words & Phrases, pp. 1123, 1124; *Hill v. Cook*, 6 L. R. Eng. & I. App. 265; *Cromer v. Pickney*, 3 Barb. Ch. (N. Y.) 466; *Gardner v. Heyer et al.*, 2 Paige (N. Y.) 11; *Overseers of Poor v. Overseers of Poor*, 176 Pa. 116, 34 Atl. 351; *Crook, Judge, etc., v. Webb*, 125 Ala. 457, 463, 464, 28 South. 384.

It is next insisted by the appellant Ford that he is improperly joined as a party defendant. The partnership assets, in this case, consisted entirely of personal property, and upon the death of one partner said assets vested in the surviving partner for the purpose of winding up the business, subject to the right of the legal representative of his deceased partner to call him to a settlement. Said surviving partner had no interest whatever in the administration of the estate of his deceased partner, and the administration of said estate had no connection with the settlement of the affairs of said partnership, except that the personal representative had the same right to call said surviving partner to a settlement as he had against any other creditor of the estate. It cannot be said that the seperate interests of the two defendants "are all connected with and come out of the single object of the suit—not dividing the remedy into two suits."—*Adams v. Wilson* 137 Ala. 632, 635, 34 South. 831. The general rule is that "the personal representative is alone authorized to demand, receive, collect together, and disburse and distribute the personal assets and effects of an estate."—*Sullivan v.*

32 C

*Lawler,* 72 Ala. 72, 73. The administrator having the legal title to the personal assets of the estate, holding them in trust for purposes of administration, and being charged with the duty of collecting the debts due the estate, the heir could not institute any proceeding for the enforcement of any claim which the estate held against others or bringing its debtors to a settlement, without showing either that the administrator refused to do so, or was in collusion with such debtor, or occupied a position antagonistic to his duties as administrator.—*Blackburn et al. v. Fitzgerald, Adm'r. et al.,* 130 Ala. 584, 30 South. 568; *Bailey v. Selden,* 112 Ala. 594, 605, 20 South. 854; *Vincent v. Martin,* 79 Ala. 540, 543; *Baker, Adm'r. v. Mitchell et al.,* 109 Ala. 491, 494, 20 South. 40. Consequently, the court erred in overruling the demurrer of said Ford.

The decree of the court, in so far as it overruled the demurrer of the appellant Thomas J. Tillery, as administrator, is affirmed; and in so far as it overruled the demurrer of the appellant J. F. Ford the decree of the chancery court is reversed, and a decree will be here rendered sustaining said demurrer.

Affirmed in part, and in part reversed and rendered.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.