# Bailey, *et al. v.* Jefferson.

*Bill for Cancellation of Deeds and Mortgages and for an Accounting.*

(Decided April 16, 1914.   64 South. 955.)

1. *Tenancy in Common; Redemption; Necessary Party.*—Where a co-tenant files a bill to redeem from a mortgage on the common property the other co-tenants are not necessary parties to the bill.

2. *Mortgages; Parties; Redemption.*—Where the original mortgagee had parted with his interest in the mortgaged property before the filing of the bill to redeem, he was not a necessary party thereto.

3. *Same; Redemption; Limitation.*—Where, down to eight years before the filing of the bill to redeem, annual payments upon the mortgage debt were made under an agreement with the mortgagee and his successors in interest, such payments constituted periodical recognitions by the mortgagee of right to redeem, and prevented the barring by limitation or laches of the right to redeem.

APPEAL from Marengo Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by James Jefferson against Annie D. Bailey and others. From a decree overruling demurrers to the bill, defendants appeal. Affirmed.

The bill alleges that in 1878 Jefferson and one John Swayne purchased from Askew Bros., for a valuable consideration, certain described land, the deed being made an exhibit; that orator does not own any other land, and has not, since said purchase, owned any other, but has, with his family, resided upon the land so purchased as his homestead, and that, while no deed were passed between him and Swayne, yet by the common consent between both of them, the east 120 acres have been recognized as the lands of orator, and the west 120 acres as the lands of Swayne, who resided thereon; that in January, 1891, orator and the said Swayne and their wives executed and delivered to J. M. Sadler a mortgage

on his one-half undivided interest in the above-describ-
ed land to secure an indebtedness of $805, due by them
to the said Sadler, copies of which are attached as ex-
hibits; that Sadler continued to furnish them supplies,
etc., from January, 1891, to November 1897, when Sad-
ler declined to furnish further supplies, and demanded
an adjustment and arraignment of the indebtedness. It
is averred that during all these years Sadler had receiv-
ed all the crops of cotton raised on said land, and that,
at the end of the term, the lawyers for Sadler had been
given all the live stock to be credited on the debt, and,
when the settlement was made, that orator and Swayne
were informed that they were indebted to Sadler in the
sum of $1,470, and that, when the agreement and set-
tlement was had, it was further agreed that, if they
would accept the settlement, Sadler would give each of
them time to pay the balance, and that orator and
Swayne should continue to occupy and cultivate the
said land at a stipulated rental of $300 per year, and
that such rent, less the interest on the balance and the
taxes on the land, should be applied to the payment of
said balance due on the mortgage debt, and that, when
said debt was thus discharged, all the mortgages should
be satisfied, and orator and Swayne's title be cleared;
that this agreement was carried out in full for the years
1898, 1899, 1900, orator and Swayne occupying and cul-
tivating the land and paying the agreed rent, and that
Sadler accepted said payment for said years in accord-
ance with the agreement, but that, while he and Swayne
were in possesion and sole occupants of said land in the
honest performance of said agreement, Sadler, without
notice to them, on the 5th day of October, 1900, executed
and delivered a deed to the land to one C. B. Bailey, for
the sum of $1,470, which was duly recorded, but that,
at the date and delivery of said deed, there had been no

foreclosure of said mortgages made by orator and Swayne, either under power of sale or by any court, and that the deed to said Bailey is the deed of a mortgagee in possession under foreclosure; that Bailey purchased the land and accepted the deed of the mortgagee with notice of the mortgages and the rights and claim of orator upon said land, and that, for the years 1901 to 1905 inclusive, orator and Swayne had paid Bailey the sum of $300 for rental on his demand, but that at each payment orator and Swayne notified Bailey that the lands belonged to them, and that the payments which he claimed as rent must be applied to the mortgage debt secured by the mortgages given by them to Sadler; that during the years 1901 to 1906, inclusive, Bailey, with the consent of orator and Swayne, cultivated about 30 acres of land; and that during those years the fair rental value of the land cultivated was $4 per acre. It is further averred that during those years Bailey removed and sold from said land large quantities of cedar timber, for which he and Swayne were to be allowed a credit of a fair value, and that the fair valuation for the timber so cut and removed and for which he and Swayne should be allowed a credit was $1,000; that during the year 1901 said C. B. Bailey applied for and obtained from the British & American Mortgage Company a loan of $2,000, secured by mortgage upon lands herein described, together with other lands, and that at that time the two mortgages from orator and Swayne to Sadler were upon record and unsatisfied, and the conveyance from Sadler to Bailey without foreclosure. On the 8th of November, 1904, and on the 26th of April, 1906, C. B. Bailey did, for a valuable consideration, make, execute, and deliver to Annie D. Bailey, his wife, two deeds conveying the lands herein described which are attached as exhibits, and it is averred that said

Annie D. took said deeds with the full knowledge of all the rights of orator, and that C. B. Bailey continued in the full management and control, and, as a part of the consideration of the deed from Bailey to his wife, she assumed the payment of the debt to the mortgage company, and, since that time, has secured W. E. Bailey to pay off and discharge the debt due the British & American Mortgage Company, and that the said W. E., when he paid the mortgage debt, had full knowledge of the rights of orator, and the mortgages yet unsatisfied of record. It is then alleged that the mortgage debt has been fully paid by orator, and that they are entitled to have all mortgages canceled as a cloud on title, and that he submits himself to the jurisdiction of the court, and, if it be found that he is still indebted under said mortgage, he offers to pay any such amount as may be ascertained to be due. He asked for a decree: First, that J. M. Sadler was, at the date of his deed to Bailey, a mortgagee in possession before foreclosure; second, that a decree be entered ascertaining that the said Baileys were but mortgagees in possession before foreclosure; third, that the British & American Mortgage Company and W. E. Bailey be decreed to have taken with notice of the infirmities and weakness of the title of the Baileys, and are in no sense purchasers for value without notice, an accounting is then prayed for, and the cancellation of the deeds and mortgages herein referred to. The demurrers raise the question of no equity in the bill; repugnancy in averments; nonjoinder of parties, for that Sadler and Swayne are necessary parties to the bill; laches, staleness of demand, and the statute of limitations. The other respondents demurred on the same grounds.

J. M. MILLER, for appellant. Sadler was a necessary party, and there was a misjoinder in not making John

Swayne a party.—160 Ala. 480; 147 Ala. 449; 8 Words & Phrases 6908. The bill was repugnant.—3 Mayf. 284. Complainants were guilty of laches, the demand was stale, and the right barred by the statute of limitations. —*Kidd v. Borum,* 61 South. 100; *Salmon v. Winn,* 153 Ala. 338; *Rives v. Morris,* 108 Ala. 527; *Fowler v. Ala. I. & S. Co.,* 164 Ala. 414; *Goree v. Clements,* 94 Ala. 337. No proper case was made for an accounting.—59 South. 663; *Seals v. Robinson,* 75 Ala. 369; 94 Ala. 130; 102 Ala. 184; 29 Ala. 337; 58 Ala. 618; 115 Ala. 543.

REESE & REESE, and I. I. CANTEBURY, for appellee. No brief reached the Reporter.

SAYRE, J.—This is a different bill, though the case presented is much the same as that considered in *Sadler v. Jefferson,* 143 Ala. 669, 39 South. 380, wherein the effort on the part of complainants was to assert the rights alleged in the present bill. We may assume that the bill in that case has been abandoned, and that now complainant seeks to renew the controversy on terms of better advantage. We will not go over again the ground covered by the opinion in that case. There are some difference which may be roughly stated as follows: This bill is filed by Jefferson in his sole name and for his sole benefit, his tenant in common, Swayne, having dropped out of the case. The averment now is that C. B. Bailey has conveyed his interest in the land to his wife, Annie D. Bailey, she assuming her husband's debt to the British & American Mortgage Company, and she, along with her husband, is now made a party defendant. It is further averred that W. E. Bailey, at the request of Annie D., has paid to the mortgage company the debt secured by its mortgage; and the bill here, omitting the mortgage company as a party defendant, seems to make W. E. Bailey, as assignee of the mortgagee com-

pany, a party defendant, averring that he took with no-
tice of complainant's asserted rights in the premises.
The bill seeks to have the mortgages to Sadler and to
the mortgage company canceled, the former as having
been fully paid, the latter as constituting no lien upon
complainant's property, because not made by him, or,
in the event it should appear that Saddler's mortgage
has not been paid in full, then that as to that mortgage
complainant be admitted to redeem. The contents of the
bill will more fully appear in the report of the case.

Swayne is not a necessary party to his cotenant's bill
to redeem.—*McQueen v. Whetstone,* 127 Ala. 417, 30
South. 548.

Nor is Sadler a necessary party, he having parted
with his interest.—*Raisin Fertilizer Co. v. Bell,* 107
Ala. 261, 18 South. 168.

There has been no foreclosure of complainant's mort-
gage to Sadler. The bill avers that down to and in-
cluding the year 1905—that is, within eight years of the
filing of the present bill—complainant has made an-
nual payments under an agreement with Sadler, sub-
sequently acquiesced in and acted upon by his succes-
sors in interest, which agreement, in legal effect,
amounted to a mere "method of adjustment by which
the mortgage debt was to be paid."—*Sadler v. Jeffer-
son, supra.* Meantime, unless, indeed, the mortgage
debt has been satisfied by these payments and other
credits to which complainant avers he is justly entitled,
nothing has occurred to affect the reciprocal equitable
rights of the parties, the right of defendants to foreclose,
the right of complainant to redeem.

During a part of the time, it is true, defendants have
been in possession of a part of the land. But the bill
seems to mean that complainant is now in possession
of the entire tract, and, however that may be, the aver-

ment is clear that defendants' partial possession was with the consent of complainant, and in any event, if there was the agreement in respect to the method of adjustment by which the mortgage debt was to be paid, as alleged, the payments made in pursuance thereof and their acceptance constituted periodical assertions by complainant and recognitions by defendants of the right of redemption, and we are unable to see that the inquiries as to laches, staleness of demand, and statute of limitations, raised by the demurrer and defendants' brief, present any obstacle to the redemption sought by the bill.—*Waldrop v. Friedman,* 90 Ala. 157, 7 South. 510, 24 Am. St. Rep. 775.

We do not find that other suggestions contained in appellants' demurrer have merit or require special treatment, and the chancellor's decree overruling the demurrer will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.