# McAllister, *et al.* v. McAllister, *et al.*

*Bill to Cancel Conveyances, for Partition, and an Accounting.*

(Decided November 7, 1914. 66 South. 462.)

1. *Cancellation of Instrument; Heirs; Necessary Parties.*—In a bill by children of an intestate to set aside conveyances and transfer by the intestate to other children based on the ground of fraud, and for a sale and division of the property transferred, and an accounting by the beneficiaries of the conveyances and transfers, the widow of the intestate was a necessary party, unless she had effectively surrendered every right she had in the property involved; hence, where it did not appear from the bill that her dower and homestead had been assigned her, or that she had accepted other property in lieu thereof, or had waived or relinquished these rights, the bill was demurrable for the non-joinder of the widow.

2. *Partition; Property Subject; Rights of Widow.*—Where a widow has outstanding rights of quarantine, homestead exemption or dower in lands, the heirs of the intestate cannot have partition or sale for division of the property; the other parts of the property unaffected by these rights may be partitioned or sold for division.

APPEAL from Coosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by J. L. McAllister and others against J. M. McAllister and others, to avoid and cancel conveyances and contracts upon the ground of fraud, for a sale of

certain lands for division or partition, and for an accounting by the beneficiaries of the conveyance. From a decre overruling demurrers to the bill, respondents appeal. Reversed and remanded.

S. J. DARBY, and FELIX L. SMITH, for appellant.

JAMES W. STROTHER, and P. O. STEVENS, for appellee.

McCLELLAN, J.—This is a bill seeking to effect the following purposes, summarily stated, in their order: To avoid and cancel several conveyances and a contract, executed by the parents of complainants to sisters and brothers of complainants, upon the ground of fraud in their procurement; the sale, for division and distribution, of the property therein described; and an accounting by the beneficiaries of the conveyances and contract of the rents, income, and profits arising from the property involved. The father, D. L. McAllister, to whom the property belonged, died in December, 1904, leaving surviving a widow, Lorena Johnston McAllister, who has since married one Striplin. She is not made a party to the bill.

It results that if the bill's theory is sustained by proof, and the conveyances and contract are canceled, then D. L. McAllister died intestate as to the property in question. In this property the complainants and respondents were tenants in common, subject to the superior rights of exemption of personal property, of homestead, and of dower in the widow's favor. It does not appear that the widow has had dower and homestead assigned to her, or that she has accepted any property other than that here involved in lieu of her dower and homestead exemption, or that she had or has waived or relinquished these rights. In any event she

is a necessary party to the bill, unless every right she may have had or has to do or in the property involved was effectively surrendered. It is made to appear in the bill that the widow received of decedent's estate not more than she was fairly entitled to receive, and that she had made exchanges with grantees in the conveyances assailed of property which she had for property passing to such grantees under the conveyances or contract. Until it is made to appear that the widow's rights indicated do not affect the property sought to be sold for division, she is a party interested, and should be brought in to defend as she may be advised. Otherwise she would not be bound by any decree to the end desired.

If the widow has in the real property involved rights of quarantine, homestead exemption, or dower, the heirs, tenants in common, cannot have partition or sale for division of the property pending the prevalence of such rights in the widow.—*Hamby v. Hamby,* 165 Ala. 171, 51 South. 732, 138 Am. St. Rep. 23. That part of the property unaffected by these rights may, of course, be partitioned or sold for division among the joint owners.

The demurrer, in the respect that it objects to the nonjoinder of the widow, should have been sustained. The decree is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE. DE GRAFFENRIED, and GARDNER, JJ., concur.