168 So. 452

**JOHNSON v. MANESS.**

**8 Div. 713.**

Supreme Court of Alabama.

May 21, 1936.

412

J. A. Lusk & Son, of Guntersville, for appellant.

Wm. C. Rayburn, of Guntersville, for appellee.

Brief did not reach the Reporter.

BROWN, Justice.

This is a bill by the mortgagor of real property against the mortgagee, seeking to redeem the land.

The bill alleges that the complainant, on the 1st of December, 1928, executed a mortgage to the defendant on the land described in the bill. The amount of the mortgage debt, when due, and for what it was contracted is not stated.

The bill further avers, "That said mortgage being past due and unpaid complainant did on the 10th day of January, 1933, make, execute and deliver to said defendant a deed conveying to him said property above described and at the same time delivered up possession of said property to defendant, with the agreement then and there made that complainant should have two years from the date of said deed in which to pay off said indebtedness and re-

deem said land from said mortgage indebtedness and defendant agreed with complainant that if within two years from said date the complainant paid off said indebtedness defendant would deed said land back to complainant and cancel said mortgage"; that the defendant is in possession of said land "under said deed above referred to and has been in possession of said land since the date of said deed"; that the complainant on December 1, 1933, made demand on the defendant for a statement as to the amount of the mortgage debt and the lawful charges necessary to be paid as an incident to redemption, and the defendant refused to furnish such statement.

There is an absence of affirmative averment that there was, when the bill was filed, a debt due from the complainant to the defendant, and that such deed was given and so intended by both parties as a security for such debt. This much was necessary to give the bill equity as one to have the deed declared a mortgage. Richardson v. Curlee et al., 229 Ala. 505, 158 So. 189; Pearsall v. Hyde, 189 Ala. 86, 66 So. 665; Douglass v. Moody et al., 80 Ala. 61.

There is also an absence of averment in the bill showing that the defendant as mortgagee used his "superiority to oppress the debtor, or drive an unconscionable bargain, or by taking advantage" of the mortgagor's necessitous condition to obtain the land at a grossly inadequate price. Such averments are necessary to justify the court in applying the principles declared in Pearsall v. Hyde, supra, and reaffirmed in Shaw v. Lacy, 199 Ala. 450, 452, 74 So. 933. This is true, although the law places the burden of proof on the mortgagee "to show that the transaction was fair and honest—free from the infection of fraud, oppression, or any form of undue influence." 199 Ala. 450, 452, 74 So. 933, 934.

The averments of the bill bring complainant's case within the principle declared in Peagler v. Stabler, 91 Ala. 308, 311, 9 So. 157, 158: "There is no reason why a mortgagor and mortgagee may not contract with each other that a sale and conveyance of the mortgaged property to the mortgagee shall stand for a more formal foreclosure (Stoutz v. Rouse, 84 Ala.

[309] 312, 4 So. 170) ; and they may contract at the same time that the mortgagor may redeem or repurchase the property within two years, or within any reasonable specified time, but such agreement for the right to repurchase or redeem cannot rest in parol, or be established by parol evidence." Goree v. Clements, 94 Ala. 337, 10 So. 906.

It was not incumbent on the pleader, however, to allege in his bill that the contract was in writing. This seems to be an exception to the general rule that the averments will, on demurrer, be construed most strongly against the pleader. The foundation for this exception is that the defense that an alleged contract is violative of the statute of frauds (Code 1923, § 8034) is a personal defense which must, ordinarily, be specially pleaded, or is waived. Such defense cannot be presented by demurrer unless it affirmatively appears on the face of the pleading that the contract was oral, or was otherwise void under the statute of frauds. Phillips v. Adams, 70 Ala. 373; Martin v. Wharton, 38 Ala. 637; Thompson v. New South Coal Company et al., 135 Ala. 630, 34 So. 31, 62 L.R.A. 551, 93 Am.St.Rep. 49; 13 Alabama and Southern Digest, pages 547–550, ☞146–150.

The defendant in his answer denied the existence of such agreement, and also alleged that if such contract was made it was oral—not in writing—and void under the statute of frauds.

The evidence shows without dispute that if the parties agreed that the complainant had the right to redeem or repurchase the property, the agreement was not in writing; therefore the defendant's defense that said contract was void under the statute of frauds is a complete defense to the complainant's bill.

The court erred, therefore, in granting the complainant relief. The decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.