196 So. 498

## PHILLIPS v. HARVEY.

### 6 Div. 670.

Supreme Court of Alabama.

May 23, 1940.

P. A. Nash, of Oneonta, for appellee.

J. T. Johnson, of Oneonta, for appellant.

**FOSTER, Justice.**

The bill by the complainant, appellant here, is for redemption, and in that connection to enforce an agreement fixing the amount necessary to be paid to do so.

It appears from the averments of the bill that the complainant and his wife executed to the appellee a mortgage on certain lands in Blount County to secure an indebtedness of $2,500; that complainant had made large payments on said mortgage indebtedness, and that at the time of the filing of the bill there was "about two thousand dollars due" on the mortgage indebtedness. That during the month of March, 1939, the complainant and respondent, appellee, entered into an agreement with reference to the payment of said indebtedness, which was in substance that the complainant should make application to the Federal Land Bank for a loan of money on said lands; that it was agreed that the respondent would accept 'whatever amount that the complainant could obtain as a loan on said property through said government agencies, and would "discharge and satisfy said mortgage in full. It was further agreed that the complainant should make considerable repairs on the buildings on the premises; that the said government agencies, before making said loan, required the construction of a new five room dwelling on said lands, and two new barns and other improvements set out in the bill; that complainant, relying on said agreement with respondent," went to a great expense in making said improvements, that is to say he constructed one new five room building at a cost of $500, two new barns at a cost of $200, one small tenant house at a cost of $75, and two smoke houses at a cost of $25 each, and other buildings not necessary here to be stated. It is also specifically averred that said improvements were made upon said land under the terms and conditions of said contract between the complainant and respondent in order to obtain a loan

from the Federal Land Bank of New Orleans and the Land Commissioner. That complainant had an abstract of the title of said property made at a cost of $60 to him; that he was also required to pay $17.50 for an appraisement of the land, and to purchase $110 of the capital stock of said Federal Land Bank of New Orleans. That said expenses were incurred in obtaining said loan, and upon the faith of the agreement on the part of said respondent that he would accept the proceeds of said loan, after paying the necessary expenses of obtaining the same in satisfaction of his mortgage.

That the application for a loan was approved by the Federal Land Bank, by which complainant was to receive the net sum of $2,034.75, which respondent had agreed to accept in full settlement of the debt. That after this occurred, respondent refused to accept said sum of $2,034.-75 in satisfaction of the debt, and began to foreclose his mortgage under the power of sale; that there is only due on the mortgage about $2,000. Complainant offers in the bill to pay the full amount of said sum of $2,034.75 to respondent in satisfaction of the debt; and if mistaken in such averments, he offers to pay whatever amount the court finds due, and submits himself to the jurisdiction of the court.

The court sustained demurrer to the bill without specifying the ground which was thought to be well taken.

The brief for appellee seeks to sustain the decree upon two grounds: (1) that the mortgage sought to be the basis for redemption was the joint act of complainant and his wife, and does not show that the wife joined in it merely as such, and not because she is a joint owner of the land; and (2) because there is not shown to have been sufficient consideration to support the agreement of accord as there set out.

With respect to the first contention, we observe that this Court has declared the existence of the equitable right of one joint owner of the property to redeem it before foreclosure without making the others parties. Bailey v. Jefferson, 186 Ala. 214, 64 So. 955; McQueen v. Whetstone, 127 Ala. 417, 30 So. 548. The essence of this bill is to redeem the land covered by the mortgage given by complainant and his wife, though as an incident to such right the amount is sought to be controlled by an agreement of accord. That does not detract from it as one to redeem. We may therefore assume, as appellee contends, that complainant's wife signed the mortgage as a co-owner of the land and a co-debtor; the contrary not being alleged in the bill nor shown in the mortgage. Upon that assumption, she is not a necessary party to this bill.

As to the second contention above noted, made by appellee, we recognize the principle that a new consideration is necessary to support an agreement of accord by which the creditor agrees to accept less than is owing him on a claim whose amount is not uncertain.

The consideration required by this principle may be in any of numerous shapes, but it must exist in some form.

It is sufficient if there is either some new advantage accruing to the creditor or some new detriment to the debtor. It need not be adequate and its amount does not affect the validity of the transaction so long as it is substantial. This question is discussed in Penney v. Burns, 226 Ala. 273, 146 So. 611; Biggers v. Ingersoll, 236 Ala. 646, 184 So. 478; Singleton v. Thomas, 73 Ala. 205; 1 Corpus Juris Secundum, Accord and Satisfaction, § 4, page 473 et seq.

The bill shows that complainant made effort and expended money in making application and securing the approval of the loan from the land bank, not of use or benefit to him except upon a performance of the agreement of accord.

While the improvements made on the land, as required by the land bank, were otherwise beneficial to complainant, they also served to better the security of respondent whose mortgage covered them. The doctrine that additional security for the acceptance of a less sum than due is a sufficient consideration, is affirmed in some quarters and denied in others. 1 Corpus Juris 547, 548, section 58; 1 Corpus Juris Secundum, Accord and Satisfaction, § 25, pages 492, 493; Tuscaloosa Lumber Co. v. Tropical Paint & Oil Co., 211 Ala. 258, 100 So. 236.

But every case is dependent upon its respective incidents, and we need not here make declaration of a specific rule in that respect which we approve. We will look to the entire transaction for guidance. On that basis, and con-

608

sidering the effort and expense incurred and expended in securing approval of a loan from the land bank, brought about as the direct consequence of the alleged agreement of accord, in connection with the improvements also required by the land bank as a condition to the grant of such loan and the consequent incidental benefits to the respondent in the strengthening of his security in event of a failure to obtain the loan, we think the bill shows such new consideration for the accord as alleged to give it legal effect under our statute and the common law.

The foregoing discussion expresses our views on the contentions made on this appeal. We will not look for others.

The decree of the circuit court was not in accord, and it is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.