1 So.2d 655
**JOHNSON v. MANESS.**
8 Div. 61.

Supreme Court of Alabama.
April 17, 1941.

158

W. C. Rayburn, of Guntersville, for appellee.

Marion F. Lusk, of Guntersville, for appellant.

FOSTER, Justice.

This is a second appeal, see 232 Alá. 411, 168 So. 452.

As considered on that appeal, complainant sought to enforce an alleged agreement made by defendant when complainant as mortgagor executed a deed in lieu of foreclosure, by which defendant agreed to allow complainant two years in which to redeem. This Court denied relief to complainant on that hearing because defendant alleged and proved that any such agreement, if made, was within the statute of frauds and void, on defendant's plea to that effect. Defendant could have waived that defense and have stood on his denial of the making of such an agreement, if he had chosen to do so. That was pointed out on the former appeal.

After the remandment, the bill was amended by adding a new theory of equitable right on the idea that the deed made in lieu of foreclosure was not valid; that there was not only the agreement to allow complainant two years in which to redeem, but, in addition, that the consideration was wholly inadequate: that complainant was an ignorant farmer unable to read and write, not familiar with business transactions, and being unable to pay the debt nor obtain a loan to refinance it, and in the very worst period of the depression (January 1933) he was overreached by a demand for payment and a promise to allow redemption, and thereby induced to make the deed; though he had paid more than half the debt and made improvements on the place; that respondent took advantage of his ignorance and necessitous circumstances by making a promise to allow redemption.

 The claim thus made to set aside the deed and allow an exercise of the equity of redemption can be supported in equity on the facts alleged on two distinct equitable principles. One of those principles justifies such relief on the ground that when the consideration inducing a party to act is the promise of the latter, which is within the statute of frauds, and he chooses to set up that defense and defeats by that means an enforcement of his obligation, the other party may rescind and recover of him that which was paid him as the consideration for his agreement, which he repudiated. The other principle is that when a mortgagor releases his equity of redemption to the mortgagee, it must be a fair, reasonable trade on adequate consideration, not the result of oppression or unfair dealing.

Our cases are in accord that when a bill seeks to obtain the benefit of an agreement made by defendant and relief is denied on the theory that the agreement is within the statute of frauds, and such statute is pleaded in defense, the court may retain the suit in equity and grant relief appropriate to the occasion, so as to secure a refund of the consideration paid to defendant, sometimes enforcing a lien to that end, or may cancel a deed made upon the faith of such repudiated agreement. Sometimes a suit at law meets all the demands of justice. This principle is discussed in the following cases: West v. Holman, 223 Ala. 114, 134 So. 667; Jones v. Gainer, 157 Ala. 218, 47 So. 142, 131 Am.St.Rep. 52; Deming v. Lee, 174 Ala. 410, 414, 421, 56 So. 921; Head v. Sanders, 189 Ala. 443, 66 So. 621; Keath v. Patton, 2 Stew. 38.

The claim of invalidity of the deed may also be based on the principle of inadequacy of consideration and unfairness in obtaining it. Sometimes the claim is based on unfair dealing, though there is granted to the mortgagor enforceable right to redeem similar to the statutory right. When on a release of the equity of redemption such right is validly stipulated, "the rules as to inadequacy of consideration sufficient to vitiate it do not apply with the same strictness, or to the same extent, as when absolute." Goree v. Clements, 94 Ala. 337, 341, 10 So. 906, 908. This is for the reason that when the right of redemption is secured, notwithstanding the deed, the parties are in substantially the same status as though there had been an orderly foreclosure. Stoutz v. Rouse, 84 Ala. 309, 4 So. 170.

 This is a different theory from one which claims that the deed was intended and agreed to be a mortgage to stand as security for a debt. Peagler v. Stabler, 91 Ala. 308, 9 So. 157.

 When such a deed or release of the equity of redemption is without a valid stipulation by which the mortgagor may redeem in a reasonable time, it is regarded with much more scrutiny as to its fairness and the adequacy of its consideration. Goree v. Clements, supra.

It was said in Shaw v. Lacy, 199 Ala. 450, 74 So. 933, 934: " 'The law upon the subject of the right to redeem where the mortgagor has conveyed to the mortgagee the equity of redemption is well settled. It is characterized by a jealous and salutary policy. Principles almost as stern are applied as those which govern where a sale by a cestui que trust to his trustee is drawn in question. To give validity to such a sale by a mortgagor it must be shown that the conduct of the mortgagee was, in all things, fair and frank, and that he paid for the property what it was worth. He must hold out no delusive hopes; he must exercise no undue influence; he must take no advantage of the fears or poverty of the other party. Any indirection or obliquity of conduct is fatal to his title. Every doubt will be resolved against him. Where confidential relations and the means of oppression exist, the scrutiny is severer than in cases of a different character. The form of the instruments employed is immaterial. That the mortgagor knowingly surrendered and never intended to reclaim is of no consequence. If there is vice in the transaction

the law, while it will secure to the mortgagee his debt, with interest, will compel him to give back that which he has taken with unclean hands. Public policy, sound morals, and the protection due to those whose property is thus involved, require that such should be the law.' In these cases the burden of proof is on the mortgagee to show that the transaction was fair and honest—free from the infection of fraud, oppression, or any form of undue influence." See Pearsall v. Hyde, 189 Ala. 86, 66 So. 665; Cade v. Walker, 214 Ala. 675, 108 So. 594; Richardson v. Curlee, 229 Ala. 505, 158 So. 189.

We do not seem to have a case in this State seeking to set aside such a deed where a part of the consideration was an agreement to allow redemption, when the agreement had been repudiated and set aside because within the statute of frauds.

In our several cases, where it was observed that such a stipulation is within the statute of frauds and not enforceable, no effort was made to set aside the deed on that account or because of the circumstances of oppression or inadequacy of consideration. When by such an agreement as a part of the consideration the mortgagee procures a deed or release of the equity of redemption and then stands on his rights under the statute of frauds, the mortgagor may have relief against his deed so executed both (1) because of the inadequacy or failure of the consideration, and unfairness of the trade; and (2) because of his right to reclaim the consideration paid on a contract repudiated by the other party under the statute of frauds.

██ But it is not essential to complainant's right to relief to find that defendant repudiated an agreement to allow a redemption, though such a finding fully justifies relief. If there was no such agreement as defendant contends, the burden is still on defendant, as we have shown, to prove that his conduct in procuring the deed was in all things fair and frank, and that he paid for the property what it was worth. This burden has not been here met. The land was worth even more than perhaps twice as much as the debt. Complainant had bought the land from respondent, and paid about half the purchase price and made valuable improvements. Defendant demanded payment in the depth of the depression when complainant could not borrow the money. Complainant was an honest, illiterate, ignorant man, who knew nothing but to work hard and make a living and pay his debts, which he did and established a reputation for so doing. But he had an unfortunate habit which was a great handicap, whereas defendant was a shrewd trader and financier.

██ Complainant must of course do equity as a condition to his right to set aside his deed. That is, he must pay to defendant the debt and interest and lawful charges; whereas defendant must account for the rents or rental value as the case may be pursuant to established principles in the exercise of the equity of redemption from a mortgagee in possession.

The decree of the court granting relief to complainant was rendered on the theory included in the amended bill that the deed in lieu of foreclosure was intended as a mortgage. We do not concur in that interpretation of the situation. Richardson v. Curlee, 231 Ala. 418, 165 So. 223. But the result is not different. The decree proceeded to grant such relief as is appropriate in one by which the deed is vacated and the equity of redemption is restored, all on condition that complainant shall proceed to do the things required to that end.

The reference which was ordered is appropriate to an exercise of the equity of redemption. But in so far as the decree holds that the deed should be treated as a mortgage, it is here annulled and the decree modified so as to vacate and set aside the deed of January 10, 1933, for the purpose only of allowing complainant to exercise the equity of redemption, and if he shall not comply with the orders of the court made to effectuate such equity the said deed shall not be disturbed.

Modified and affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.