25 So.2d 167

## BAIN v. HOWELL et al.

8 Div. 340.

Supreme Court of Alabama.

March 7, 1946.

W. C. Rayburn, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellees.

**516**

FOSTER, Justice.

An original bill was filed by some of the children and heirs at law of Charles Beard seeking to exercise the equity of redemption in respect to a mortgage made by Charles Beard to O. D. Street, now claimed by appellant W. N. Bain as remote assignee. The bill makes the widow and all the other heirs at law of Charles Beard parties respondent. It then sets up a transaction by Harriet Beard, the widow, as to her interest (sometimes referred to as a life interest in the land for a homestead), by which she sold it to one McCormick who is alleged to have agreed to pay and discharge the Street mortgage, but instead of doing so, took an assignment of it, and went into possession of the land under his purchase from the widow. That he later sold the land back to the widow by deed, which recites the fact that the Street mortgage is expressly reserved to him, and the said Harriet Beard is to repay him the amount paid by him to her on the purchase of the land by him from her for which a vendor's lien is expressly stipulated. On the same day she executed a mortgage to him on the land reciting that he had paid $405 on the purchase of the land, and that the Street mortgage assigned to him is still in full force and effect. That the said McCormick transferred both the Street mortgage and the Harriet Beard mortgage to appellant Bain, who went into possession of the land without foreclosure.

The bill alleges that the Street mortgage has been paid under the arrangement with Harriet Beard, but, if not, complainants offer to pay whatever amount may be found due. It prays for a cancellation of that mortgage because of its alleged payment in the transaction between Harriet Beard and McCormick, or in the alternative, that a redemption be decreed and an accounting be had to determine what, if anything, should be paid by them to effect such redemption.

The complainants are some of the cotenants of the equity of redemption, and as such may properly file a bill in equity to enforce that remedy. Bailey v. Jefferson, 186 Ala. 214, 64 So. 955; McQueen v. Whetstone, 127 Ala. 417, 30 So. 548. And it is altogether appropriate to make the other tenants in common parties, also the widow claiming a life estate. Wood v. Wood, 134 Ala. 557, 33 So. 347.

Any redemption by complainants would operate for the benefit of the other heirs at law, including the widow, now also claiming the share of two of the children by deed, but only upon a proper contribution to the redemption fund made or proffered within a reasonable time.

If the widow sold her interest in the land to McCormick, and thereby effected a satisfaction of the Street mortgage, she would be subrogated to the rights of the mortgagee as against these complainants to the extent of their proportionate interest in the land. Ohmer v. Boyer, 89 Ala. 273, 7 So. 663; Winston v. McAlpine, 65 Ala. 377; Newbold v. Smart, 67 Ala. 326; 60 Corpus Juris page 725.

If she later buys her interest in the land back from McCormick under an arrangement whereby he is to hold the Street mortgage as security for what she agrees to pay him, she thereby in equity assigns to him her equitable right to the Street mortgage, and since it has been assigned to him in writing by Street (tho contrary to the agreement), he thereby became the holder of the mortgage legally and equitably to enable him to enforce it is against all the heirs of Mr. Beard, but only as security for what Mrs. Beard owes him. He assigned all such interest and right to Bain. So that Mrs. Beard has a right to redeem that mortgage from Bain and enforce it against the other heirs of Mr. Beard to the extent of their proportionate interest in the land. And it is now immaterial to the substantial equities and liabilities of these complainants whether

the mortgage was marked paid or assigned to McCormick. Complainants, in either event, must make the same contribution to obtain the benefit of such transaction had by the widow. Her cross-bill is against Bain, and offers to pay him what she owes on her repurchase from McCormick of her interest, and thereby redeem her interest in the land and the Street mortgage, and to establish her right ratably to enforce the Street mortgage to which she was subrogated. She also claims the share of two of the heirs which are subject to the same equitable status in her hands as they were in the hands of those who sold them to her, and to participate as such in any redemption which may be decreed for complainants.

The orderly course would be to allow her to redeem the Street mortgage and her interest in the land by paying Bain the balance she owes, and then permit a redemption of the land by complainants from her by paying their proportionate part of the debt which was owing Street, subject to proper credits, if any. If the widow shall not thus redeem the Street mortgage from Bain, complainants may be allowed to redeem the land under the Street mortgage from Bain, who would be standing in the right of the widow.

The original bill and cross-bill set up proper machinery by which all their rights and equities may be decreed. Equity. Rule 26; Latimer v. Milford, 241 Ala. 147, 1 So.2d 649.

The appeal was taken within thirty days from the date of the decree on demurrer to the cross-bill, but more than thirty days from the date of the decree on demurrer to the original bill. Therefore, the decree last above referred to is not assignable as error on this appeal. Section 755, Title 7, Code; Lampkin v. Strawbridge, 243 Ala. 558, 11 So.2d 130, and cases there cited.

But we could not well analyze the status as to the cross-bill without also considering that of the original bill and examining the nature of the claims there made.

The demurrer to the cross-bill was overruled without error.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.