78 So.2d 650

### MORGAN PLAN COMPANY, Inc.

v.

### Eunice H. BRUCE.

**1 Div. 558.**

Supreme Court of Alabama.

March 10, 1955.

Caffey, Gallalee & Caffey, Mobile, for appellant.

Harry Seale and Lyman F. Holland, Mobile, for appellee.

**LAWSON, Justice.**

The appeal is from a decree of the circuit court of Mobile County, in equity, overruling appellant's demurrer addressed to the bill as a whole and also overruling its demurrers properly addressed to the three aspects which counsel for appellant construed the bill to contain.

■ We have often said that on appeal from a decree overruling demurrer to a bill in equity, we consider only those grounds of demurrer adequately argued in brief filed in this court on behalf of the appellant. The grounds of demurrer not so argued are treated as waived. Groover v. Darden, 259 Ala. 607, 68 So.2d 28, and cases cited.

■ The grounds of demurrer challenging the equity of the bill as a whole are not argued in appellant's brief, but before we can treat the grounds which are argued we must determine the equitable principle or principles upon which complainant relies.

The bill, to say the least of it, in its statements as to the equity or equities upon which complainant relies for relief, is not as clear as good pleading would seem to suggest or require.

We understand the bill to show that Jeff Harvey and Sophia Harvey at one time held the legal title to the suit property, which is described as: "Lots 27, 28, 29, 30, 31 and 32 of the Sorensen Sub-Division according to the map thereof recorded in Deed Book 144 N.S., page 117, Probate Records of Mobile County, Alabama"; that sometime before October 20, 1950, the Harveys mortgaged the suit prop-

erty to one William E. Powell to secure an indebtedness of $864 and that on another occasion prior to October 20, 1950, they executed a mortgage covering the suit property to the respondent to secure an indebtedness in an amount not disclosed. Neither of the aforementioned mortgages is set out in the bill or made an exhibit thereto.

The bill further shows that on October 20, 1950, Jeff and Sophia Harvey executed a warranty deed covering the suit property to the respondent, Morgan Plan Company, Inc. The deed is not set out in the bill or made an exhibit thereto. We construe the bill to show that the said deed is on its face an absolute conveyance wherein no effort was made to reserve to the grantors the right to redeem or repurchase the property conveyed. The consideration recited in the deed, according to the averments of the bill, is (1) the assumption by respondent of the Harveys' indebtedness to William E. Powell; (2) the payment of the debt owed by the Harveys to respondent and the satisfaction of the mortgage securing such indebtedness; and (3) the payment by respondent of the sum of $100 to the Harveys.

Complainant avers that she is a daughter of Jeff Harvey, who died intestate sometime after October 20, 1950, and that she is the owner of an undivided interest in the suit property "as a child and heir of Jeff Harvey." She does not claim to be the daughter of Sophia Harvey.

By this proceeding complainant seeks to avoid the effect of the deed of October 20, 1950, and thereby inherit an interest in the suit property. The special prayer for relief reads: " * * * that upon a hearing of this action a decree be rendered declaring the above described deed to be a deed given in lieu of foreclosure *with full statutory right* of the Complainant as an heir of Jeff Harvey *to redeem* and that a redemption be effected by decree of this court in a manner provided by law * * *." (Emphasis supplied.)

If complainant has stated a case for relief, it is in paragraph 4 of the bill, which reads:

"And the Complainant further avers that the above described deed was given in lieu of a foreclosure of the mortgage held by the Respondent and described in the next preceding paragraph and that the consideration in such deed was grossly inadequate, and the reasonable market value of the property at the time of the giving of the deed and now is greatly in excess of the amount of the consideration recited in the deed; and the purported deed was and is in truth and in fact given as a foreclosure of the mortgage with full statutory right of redemption, although not so recited therein."

It is established by our cases that a mortgagor and mortgagee may contract with each other that a sale and conveyance of the mortgaged property to the mortgagee shall stand for a more formal foreclosure, with right of the mortgagor to redeem or repurchase according to the terms as stipulated and agreed upon. Stoutz v. Rouse, 84 Ala. 309, 4 So. 170; Peagler v. Stabler, 91 Ala. 308, 9 So. 157; Farrow v. Sturdivant Bank, 184 Ala. 208, 63 So. 973; Johnson v. Maness, 232 Ala. 411, 168 So. 452; Id., 241 Ala. 157, 1 So.2d 655; Dean v. Griffith, 257 Ala. 67, 57 So.2d 545.

Such an agreement cannot be established by parol evidence, but it is not necessary for the pleader to allege in his bill that the agreement was in writing. Johnson v. Maness, 232 Ala. 411, 168 So. 452; Dean v. Griffith, supra.

If, as in the case of Stoutz v. Rouse, supra, the agreement is that the right to redeem shall be according to the terms and conditions set up by the statute for the statutory right of redemption, it thereby reads into the contract those terms and conditions. But if it is not so expressed, the terms and conditions set up by the statute are not included. *It is a contractual right sought to be enforced, not a statutory right*. Dean v. Griffith, supra.

The averments of this bill do not bring complainant's case within the principle stated above. There is an entire absence of averment that there was any kind of agreement whereby Jeff and Sophia Harvey would have the right to redeem or repurchase the property after the execution of the deed of October 20, 1950, and as held in Dean v. Griffith, supra, there is no statutory right to be enforced by the mortgagor where the mortgagor conveys the mortgaged property to the mortgagee. The same would be true of an heir at law of the mortgagor, but as to the right of a junior mortgagee under such circumstances see Stewart v. Stephenson, 243 Ala. 329, 10 So.2d 159; A. M. Robinson Co. v. Anniston Land Co., 217 Ala. 648, 117 So. 29; Grace v. Montgomery, 207 Ala. 188, 92 So. 412.

It has been settled since the early decisions of this court that equity has jurisdiction to entertain a bill to have a deed declared a mortgage and to permit the grantor-mortgagor to redeem the property in an exercise of the equity of redemption. Johnson v. Maness, 232 Ala. 411, 168 So. 452; Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670, and cases there cited. But the allegations of the bill here under consideration are not sufficient to give the bill equity as one to have the deed of October 20, 1950, declared to be a mortgage. There is an entire absence of affirmative averment that there was, when the bill was filed, a debt due from Jeff Harvey and Sophia Harvey and that the said deed of October 20, 1950, was given and intended by both parties as a security for such debt. Johnson v. Maness, 232 Ala. 411, 168 So. 452; Cousins v. Crawford, supra, and cases cited.

Courts of equity look with a jealous and distrustful eye upon a transaction whereby the mortgagee purchases the mortgagor's equity of redemption and such a transaction will not be sustained where the consideration for the sale is grossly inadequate. Shaw v. Lacy, 199 Ala. 450, 74 So. 933, and cases cited. Where it is made to appear that the conveyance of the equity of redemption is for a consideration grossly inadequate, then a court of equity will cancel the conveyance and permit the

grantor-mortgagor to exercise his equity of redemption. Johnson v. Maness, 241 Ala. 157, 1 So.2d 655. It is not necessary in a bill seeking to invoke this principle to aver that the grossly inadequate consideration resulted from fraud, undue influence or unconscionable advantage exercised by the mortgagee over the mortgagor. Hall v. Hall, 241 Ala. 397, 2 So.2d 908. We did not intend to hold to the contrary in the case of Johnson v. Maness, 232 Ala. 411, 168 So. 452, although there is language in the opinion in that case which may be subject to that construction. There was no averment in the bill filed in that case to the effect that the consideration was grossly inadequate.

We are of the opinion that the averments of the bill bring complainant's case within the principle recognized in Shaw v. Lacy, supra, and Pearsall v. Hyde, 189 Ala. 86, 66 So. 665, among other cases.

■ As heretofore shown, the bill alleges that complainant is the owner of an undivided interest in the suit property "as a child and heir of Jeff Harvey." This is a distinct allegation of heirship and the word "child," in the absence of any facts or circumstances indicating a different interpretation, carries with it the meaning of legitimate offspring. Tillery v. Tillery, 155 Ala. 495, 46 So. 582.

■ In Butts v. Broughton, 72 Ala. 294, it was observed: "A bill to redeem a mortgage may be filed by anyone who owns the mortgagor's equity of redemption, or any subsisting interest in it, by privity of title with him, whether by purchase, inheritance, or otherwise."

■ As shown above, the bill alleges that Jeff Harvey died intestate. Hence, at his death any right which he had to exercise the equity or redemption passed to his heirs at law. Marsh v. Elba Bank & Trust Co., 221 Ala. 683, 130 So. 323.

■ The bill must be construed most strongly against complainant and when so construed it shows that Jeff Harvey was survived by heirs at law other than complainant, for it is alleged in the bill that complainant owns an undivided interest in the suit property. Complainant's tenants in common or joint owners are not named in the bill nor are they made parties thereto.

■ This court has declared the existence of the equitable right of one joint owner or tenant in common to redeem before foreclosure without making the other joint owners or tenants in common parties to the suit. Bain v. Howell, 247 Ala. 514, 25 So.2d 167; Phillips v. Harvey, 239 Ala. 605, 196 So. 498; Bailey v. Jefferson, 186 Ala. 214, 64 So. 955; McQueen v. Whetstone, 127 Ala. 417, 30 So. 548.

■ Appellant argues that the rule of the cases just cited has no application to the matter of instant concern because here the effort to redeem comes after the execution of a deed alleged to have been given in lieu of foreclosure. We cannot agree. The bill avers the invalidity of the so-called foreclosure deed and if the proof sustains that averment there has been no valid foreclosure cutting off the equity of redemption.

■ Of course, any redemption by complainant would operate for the benefit of the other heirs at law, but only upon a proper contribution to the redemption fund made or proffered within a reasonable time. Bain v. Howell, supra.

■ The bill is silent as to whether an administrator of Jeff Harvey's estate has been appointed. However, an administrator is not a necessary party to a bill of this kind. See Cornelius v. Bishop, 205 Ala. 503, 88 So. 592.

■ The grounds of demurrer taking the point that the complaint fails to show that complainant has such right, title or interest in the suit property as to entitle her to maintain the suit were overruled without error.

It is insisted that Sophia Harvey is a necessary party and that the grounds of demurrer taking that point should have been sustained.

It is argued that Sophia Harvey is a necessary party to this proceeding for two reasons: "First, she is the widow of a man who owned real property and as such has certain dower, homestead and other rights. Second, she is a co-tenant in the property as well as a co-obligor of the debt which must be paid in order to effect redemption."

With respect to the second contention, we think the averments of the bill are subject to the construction that Sophia Harvey signed the mortgage to respondent and the deed alleged to have been executed in lieu of a mortgage foreclosure as a co-owner of the land and a co-debtor, the contrary not being alleged in the bill and the mortgage and deed not being made exhibits thereto. But for those reasons she is not a necessary party to the bill. Phillips v. Harvey, supra.

From aught that appears from the averments of the instant bill, Sophia Harvey has not indicated that she is in accord with the position taken by complainant relative to the invalidity of the deed of October 20, 1950. Certain it is that the bill must be construed as showing no effort on the part of Sophia Harvey to have dower and homestead assigned to her or to have other property assigned to her in lieu of her dower and homestead exemptions. Likewise, it cannot be said that the instant bill shows that she has waived or relinquished any such rights that she might have.

If this bill was one. wherein the land was sought to be sold for division among tenants in common, then we think Sophia Harvey would be a necessary party. McAllister v. McAllister, 189 Ala. 220, 66 So. 462. But that is not the purpose of this bill.

We have held that in a bill to redeem a mortgage filed by the heirs of the mortgagor, a widow who claims a homestead in the premises may be joined with the heirs as a party complainant. Butts v. Broughton, 72 Ala. 294. However, we do not think that the widow is a necessary party any more so than are the tenants in common who, as we have shown above, need not be joined. See Long v. Monroe County Bank, 226 Ala. 26, 145 So. 471.

We hold, therefore, that the trial court did not err in overruling the grounds of demurrer taking the point that Sophia Harvey was a necessary party to the bill.

Other grounds of demurrer argued in brief are to the effect that the bill is lacking in averments showing legal title to the suit property to be in respondent at the time of the filing of the suit. We are of the opinion that those grounds of demurrer were not well taken and were properly overruled. The bill alleges the execution of the deed to the respondent on October 20, 1950, and further alleges that "at the time of the filing of this complaint there was not on record in the office of the Judge of the Probate Court of Mobile County, Alabama, any instrument by which the Respondent had conveyed its interest to any other person; and there had been no change of possession of the property to put the Complainant on notice of any transfer of the property by the Respondent to some other person." We are of the opinion that such averments are sufficient to show title in the suit property to have been in the respondent at the time the suit was filed.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.