H. BURTON POWERS, trustee, vs. ELIZABETH A. STEELE
& others.[1]

Suffolk.  December 5, 1984. — March 20, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Conflict of Laws.  Practice, Civil,* Declaratory relief. *Legitimacy.  Trust,*
Interpretation.

Declaratory relief was permissible for determining the status of a child born
  out of wedlock, where questions existed as to provisions of a family
  trust which authorized use of principal for the benefit of the donor's
  issue, and where the trustee alleged that the child's father, who had
  acknowledged parenthood, had "immediate estate planning problems"
  dependent on whether the child was a beneficiary of the trust. [308]
A child born out of wedlock to the life beneficiary of a Massachusetts inter
  vivos trust, who was formally declared legitimate in the State of the
  child's domicil, was, for purposes of the trust, the issue of the life
  beneficiary and of the donor and thus would be entitled to share in the
  distribution of the principal on the trust's termination. [308-310]

CIVIL ACTION commenced in the Suffolk Division of the
Probate and Family Court Department on February 14, 1984.

The case was reported to the Appeals Court by *Mary C.
Fitzpatrick, J.* The Supreme Judicial Court granted a request
for direct review.

*H. Burton Powers (Gerald B. O'Grady, III,* with him) for
the plaintiff.

*Paul B. Sargent* for the defendants.

ABRAMS, J. In this action the trustee of an inter vivos trust
seeks a declaration that a child born out of wedlock to the
donor's life tenant son, and formally declared legitimate in the

---

[1] Esther S. Flood, Marion Flood Posner, Alice Flood Posner (minor),
Christian Flood, Rebecca Flood, Caroline Flood, Frederic L. Steele,
Nathaniel Steele, Henry Steele (minor), Benjamin Steele, Ethan Steele
(minor), Dana Allen Steele, G. Warren Steele, Mary Margaret Steele (minor).

State of the child's domicil, is the "issue" of the donor and his son for purposes of the trust. The trustee maintains that the child is thus entitled to succeed to the father's interest in the trust. We agree.

The case is submitted on a statement of agreed facts. In April, 1957, the donor established an inter vivos trust providing for payment of income to the donor for life, then to his wife for life, and then to his two sons for their lives. The trust would "terminate upon the death of the survivor of the Donor, said [Donor's wife] and the children of the Donor." On termination, the trustees were to divide the trust "as it shall then exist into equal shares, . . . one share for each deceased child of the Donor having then living issue, and the Trustees shall transfer, pay over and convey one such share by right of representation to the then living issue of each deceased child."[2] The indenture of trust further authorized the trustees "to pay to or for the benefit of the issue of the Donor such amounts of principal as the Trustees may deem necessary for comfort, maintenance, support and education." The trust was "governed by and [was] to be construed and administered according to the laws of the Commonwealth of Massachusetts."

The donor died on June 1, 1961, survived by his wife, since deceased, two sons, and no other issue. The minor was born out of wedlock on February 26, 1977, in New Hampshire. The donor's son had the child's birth certificate amended to include his name as the child's father. On January 30, 1984, a judge of the Superior Court in New Hampshire declared the child "legitimated" under N.H. Rev. Stat. Ann. § 460:29 (1983).[3]

---

[2] The indenture of trust further provided as follows: "If there shall be no issue of the Donor living at the termination of the trust the Trustees shall transfer, pay over and convey the trust estate as it shall then exist to those persons who would be the heirs at law of the Donor determined as though he had deceased intestate and unmarried immediately after the termination of the trust, a resident of the Commonwealth of Massachusetts, said persons to take the same in the proportions to which they would be entitled under the laws of said Commonwealth now in force."

[3] The statute reads as follows:

"I. The putative father of any child born out of wedlock may apply by a verified written petition filed in a special proceeding in the superior court of the county in which he resides, praying that such child be declared legiti-

The plaintiff began this action in the Probate Court on February 14, 1984.[4] The judge granted the parties' joint motion to report the complaint without decision to the Appeals Court for determination. We allowed the parties' joint application for direct appellate review.

We comment briefly at the outset on the appropriateness of declaratory relief under G. L. c. 231A in this case. The plaintiff asserts that he seeks such relief in order "to determine Grandchild's present status with respect to trust provisions authorizing use of principal for the benefit of the Donor's issue, and the immediate estate planning problems of the acknowledging father dependent upon whether or not Grandchild is a beneficiary of the trust." Indeed, this court has held that just such an "estate planning interest is sufficient to permit declaratory relief, particularly in view of c. 231A, § 9, requiring that the chapter be 'liberally construed,' so as 'to remove, and to afford relief from, uncertainty . . . with respect to rights.' " *Billings* v. *Fowler*, 361 Mass. 230, 234 (1972). We thus proceed to determine the merits of the plaintiff's claim.

The plaintiff's central thesis is that, because the child is deemed legitimate under the law of the child's domicil, the

mate. The mother, if living and available, shall be a necessary party to the proceeding, and the full names of the father, mother and the child shall be set out in the petition. If it appears to the court that the petitioner is the father of the child, the court may thereupon declare and pronounce the child legitimated, and the full names of the father, mother and the child shall be set out in the court order decreeing legitimation of the child.

"II. The effect of legitimation shall be to impose upon the father all the obligations which fathers owe to their lawful issue and to entitle such child by succession, inheritance or distribution to real and personal property by, through, and from his father and mother as if such child had been born in lawful wedlock. In case of death and intestacy, the real and personal estate of such child shall be transmitted and distributed according to RSA 561 as if he had been born in lawful wedlock."

[4] No party named as defendant appeared or filed an answer in the Probate Court. A guardian ad litem appointed for the minor adopts the plaintiff's arguments on appeal. A guardian ad litem appointed for the minor issue of the donor's nieces and nephew opposes the relief sought by the trustee. The donor's nieces and nephew are "the presumptive remaindermen of the trust upon the decease of the Donor's last surviving son," if the minor is determined not to be the issue of the donor.

minor must be considered the donor's legitimate issue for purposes of the trust under the law of this Commonwealth. This argument is correct.[5] The plaintiff acknowledges the long-standing presumption that the terms "issue" or "children" as used in a will or trust include only legitimate children, see *Fiduciary Trust Co.* v. *Mishou,* 321 Mass. 615, 634-637 (1947).[6] Coupled, however, with this presumption is the fact that "Massachusetts has long followed the rule that the status of a person as to legitimacy is defined by the law of the domicil which creates the status, and Massachusetts will recognize such status unless it is contrary to this Commonwealth's public policies." *Fuss* v. *Fuss (No. 1),* 372 Mass. 64, 67 (1977).

The minor was born in New Hampshire and is domiciled there. Her mother and father are residents of New Hampshire. New Hampshire law establishes a procedure whereby the putative father of a child born out of wedlock may petition that the child be declared legitimate. The donor's son complied with that procedure. Thus, the minor is a legitimate child under the law of this Commonwealth.

The guardian ad litem of the minor issue of the donor's nieces and nephew argues that the indenture of trust stated specifically that the construction of the trust was to be deter-

---

[5] The plaintiff poses five other bases on which we might conclude that the child possesses rights under the trust: (1) the donor intended the word "issue" to mean biological issue, regardless of legitimacy; (2) the rule of construction limiting the word "issue" as used in trust instruments to "legitimate issue" should be rejected in light of social changes; (3) that rule of construction violates the equal protection clause of the Fourteenth Amendment to the United States Constitution; (4) G. L. c. 190, § 7, should be construed to confer on the illegitimate child the right to succeed to her acknowledging father's interests in the trust; and (5) the child would be the donor's heir at law in any case for purposes of the remainder provisions of the trust instrument in default of issue. In view of our holding that the child is legitimate under Massachusetts law, we do not reach these issues.

[6] Because our holding in this case is premised on existing principles of law, we do not reach the plaintiff's request that we reconsider the presumption in light of recent cases. See, e.g., *Walton* v. *Lindsey,* 349 So.2d 41 (Ala. 1977); *Matter of Hoffman,* 53 A.D.2d 55 (N.Y. 1976); *Estate of Dulles,* 494 Pa. 180 (1981). See generally Annot., 17 A.L.R. 4th 1292 (1982).

mined by the laws of Massachusetts. He maintains that the child cannot, therefore, be deemed legitimate for purposes of · the trust because the parents have not intermarried as required by Massachusetts law. See G. L. c. 190, § 7. His argument fails, however, to embrace the longstanding principle that "[t]he lineal descendants of any resident of Massachusetts, according to its law, are those who by the law of the State of their domicil of origin and residence are the legitimate issue of that person. The law of this Commonwealth does not require that the *status* of a citizen of a foreign jurisdiction as to legitimacy necessarily or commonly must be settled according to the law of Massachusetts upon that subject as to its own citizens, rather than by the law of their own home" (emphasis in original). *Green v. Kelley*, 228 Mass. 602, 606-607 (1917). The law of Massachusetts encompasses the conflict of laws rule that "legitimacy is to be ascertained by the *lex domicilii*." *Ross* v. *Ross*, 129 Mass. 243, 247 (1880). See *Green* v. *Kelley, supra* at 606. We adhere to that rule in this case.

The guardian ad litem for the minor issue of the donor's nieces and nephew further intimates that deference to the law of New Hampshire in these circumstances contravenes the public policy of the Commonwealth. We disagree. "Removal of the obstacles to the legitimation of innocent children, who have no responsibility for the circumstances of their birth, and thus ameliorating some of the apparent harshness of the common law, has been the progressive policy of our law as illustrated by statutes and decisions." *Green* v. *Kelley, supra* at 605. Because both the law as well as policy considerations compel the conclusion that the minor is the legitimate issue of the donor, we remand the case to the Probate Court for entry of judgment declaring that the child is the issue of the donor and his son as that term is used in the trust.

*So ordered.*